1829.

Cook
v.
Grant.

---

CASPER J. COOK *v.* JOSEPH GRANT, ADMINISTRATOR, &C.,
OF HENRY J. COOK DECEASED.

Where a testator devised his real and personal estate to two of his sons, provided they should pay certain legacies given in the will, and the legatees

filed their bill against them and obtained a decree for the sale of the real
estate to pay the legacies, which, upon being sold, proved insufficient; and
no decree having been asked in that suit, charging the devisees personally
with the payment, held, that the legatees could not file a new bill against
them for that purpose.

*The legatees should have asked and obtained all the relief to which they
were entitled, against the devisees in the first suit.

1829.

Cook
v.
Grant.

[*408]

BY the will of John Cook, who died in 1804, he devised Feb. 17th.
to his wife, during her life or widowhood, the possession
of all his estate real and personal. And after her death
he devised the same in fee to his sons John and Henry, in
separate and distinct parcels, provided they should pay
certain legacies to the complainant and others. In 1815,
Henry and his mother sold and conveyed to J. Vosburgh,
with warranty, all the lands devised to him by the will, for the
consideration of $3,000. In 1819, the complainant, Casper
J. Cook, and the other legatees, filed a bill in this court
against the devisees and the purchasers under them, setting
forth a payment of part of the legacies, and praying that
the devisees and purchasers might pay the residue, or in
default thereof that the lands might be sold to pay the
same. That bill was taken *pro confesso* against the several
defendants therein, by the consent of some, and by the de-
fault of the others; and a reference was made to a master
to ascertain the amount due to the legatees. On the coming
in of the master's report, a final decree was entered in
the cause, directing all the devised premises to be sold,
subject to the life estate of the mother of the devisees, and
that the costs of the suit and balance of the legacies be
paid out of the proceeds; and that the residue of the pur-
chase-money, if any there should be, remain in court to
abide the future order thereof. Under that decree the
complainant bid in all the lands for $200, which was but
little more than sufficient to pay the costs; leaving nearly
$2,000 still due to the legatees. He afterwards obtained
assignments of the interest of all the other legatees. After
the death of Henry J. Cook, and more than six years after

the sale, he filed his bill in this cause against the administrator, claiming the balance unpaid on the legacies to be a personal charge against Henry J. Cook, and that he was entitled to a preference in payment out of the estate, on the ground of the decree in the first suit.

The administrator put in an answer, referring the complainant to such proof as he could make of his case, and leaving *his rights to the determination of the court. The cause was submitted on pleadings and proofs.

*H. Loucks & A. Haring* for complainant:—The defendant's intestate, by accepting the devise in the will of John Cook, became personally liable for the payment of the legacies given therein to the complainant and his four sisters. The rule is settled that where land is devised, charged with the payment of a legacy, and the devisee accepts the devise, he takes it *cum onere*, and becomes personally liable for the legacy. (*Glenn* v. *Fisher*, 6 John. Ch. Rep. 33; *Jackson* v. *Bull*, 10 John. R. 148.) In this case the intestate enjoyed the lands devised to him for several years, and then sold them for $3,000, and received the consideration money. He has also made payments towards the legacies charged upon the lands. In *Van Orden* v. *Van Orden*, (10 John. Rep. 30,) it was held that the acceptance and enjoyment of the estate devised, and payment on account of an annuity, was equivalent to an express promise. (*Tole* v. *Hardy*, 6 Cowen, 333.) The sale of the land devised under the former decree did not discharge the intestate from his personal liability. That decree charged him personally. The money received by the defendant on the Gross bond forms a part of the assets to be administered by him. This bond was taken by the intestate in payment of a bond belonging to his wife. This act of the intestate was a sufficient reduction into his possession of the bond of his wife. It was equivalent to receiving the money due upon it. (*Schuyler* v. *Hoyle*, 5 John. Ch. R. 196, 207.) But if this bond had not been reduced into possession by the intestate,

he became entitled to it as the administrator of his wife, having survived her. (1 Chit. Pl. 21; *Schuyler* v. *Hoyle*, 5 John. Ch. Rep. 206, 207; *Whitaker* v. *Whitaker*, 6 John. Rep. 112.) And although the intestate died without administering upon her estate, still her administrator is a trustee for the representatives of the husband. (*Stewart* v. *Stewart*, 7 John. Ch. Rep. 229, 244; *Whitaker* v. *Whitaker*, 6 John. Rep. 112; *Schuyler* v. *Hoyle*, 5 John. Ch. Rep. 206, 207.)

The former decree against the intestate being equivalent to a judgment at law, is a debt of record, and is entitled to *priority in payment out of the assets of the intestate. Equity will not destroy priorities which the law gives, although a creditor should be obliged to go into Chancery for assistance. (*Thompson* v. *Brown*, 4 John. Ch. Rep. 619, 634; *Codwise* v. *Gelston*, 10 John. Rep. 507; *Woodcock* v. *Bennet*, 1 Cowen's Rep. 711.) The defendant ought to be charged with costs. Before the commencement of the suit, he was served with a copy of the decree, and a written notice of the complainant's claim; and payment was then demanded from him. (*Glen* v. *Fisher*, 6 John. Ch. Rep. 33; 7 John. Ch. Rep. Gen. Index, p. 47.)

*S. Beardsley* for defendant:—The intestate acquired no title to the lands devised to him, until the payment of the legacies. He could not, therefore, until the legacies were paid, convey any title to a purchaser; and the legatees having applied to Chancery, and obtained a sale of the devised premises to satisfy the legacies, cannot now charge the devisees personally with such legacies. If they had not enforced their claim against the land, they could undoubtedly have charged them personally. (2 Cruis. Dig. tit. *Devise*, ch. 16; *Wheeler and wife* v. *Walker*, 2 Com. Rep. 197; *Jackson* v. *Martin*, 18 John. Rep. 35; *Jackson* v. *Bull*, 10 John. Rep. 151; *Glen* v. *Fisher*, 6 John. Ch. Rep. 33.) The legatees have deprived the intestate of the gift to him, and they should not now subject him to

1829.

Cook
v.
Grant.

[*410]

charges made upon the subject of that gift. This distinction is peculiarly proper in this case. For here the widow of the devisor was entitled to the possession during her widowhood; and before that time expired, the legatees proceeded and obtained a decree for the sale of the devised premises, and actually sold the same to discharge the legacies. The former bill filed by the legatees did not seek to charge the defendants personally. Under the decree in that suit, the complainant purchased the devised lands; and he now seeks to claim the legacies also. If the complainant is not entitled to relief, then the defendant should recover his costs against him; and if he is entitled to relief, then the defendant ought to have his costs out of the fund.

[*411]

*THE CHANCELLOR :—It is not necessary for the decision of this cause, to examine the question whether Henry J. Cook was originally liable for the payment of the legacies charged on the land devised to him. This bill is not framed properly, or with the necessary parties to settle that question here, without reference to the proceedings and decree in the original suit. The only question now is, whether by that decree he was personally charged with the payment of the legacies. The legatees were bound to ask and obtain all the relief to which they were equitably entitled, in the first suit. If they had claimed to charge him personally in that suit, and obtained such a decree, it is hardly probable he would have left the property to be sold for a nominal sum merely. He has paid part of the legacies, and has received nothing under the devise. The life estate of his mother continued till after the sale under the decree. Although he had before that time joined with her in a conveyance of the property, he was bound to refund the whole purchase-money under his covenant of warranty.

On looking into the decree in that case, it is clear that it never was intended to charge the devisees or the purchasers under them, with the payment of these legacies, personally. It is an absolute decree for the sale of the property, and the

distribution of the proceeds only. There is not even an option given to the defendants in that suit to pay the money, or to have the land sold to satisfy the legacies. It is as much personal decree against the purchasers as against the devisees, but it never was intended to be personal against either. The complainants' bill must be dismissed with costs.