CHARLES W. SCOFIELD, Appellant, *v.* CHARLES
DOSCHER, Executor, etc., Respondent.

*Foreclosure of mortgage — action to recover deficiency, after judgment of foreclosure and sale — leave of court to maintain — when necessary.*

In an action brought to foreclose a mortgage, the mortgagor and the executor of a person to whom a portion of the mortgaged premises had been conveyed, he having agreed to pay a portion of the mortgage, were made parties defendant, the executor being notified that no personal judgment would be taken against him. A deficiency having arisen upon the sale a judgment for deficiency was entered against the mortgagor. Subsequently, this action was brought against the executor to recover a judgment for the same deficiency against him. *Held,* that the plaintiff could not maintain the action, without first obtaining permission of the court so to do.

APPEAL from a judgment in favor of the defendant, entered upon the trial of this action by the court without a jury.

*Theron G. Strong*, for the appellant.

*Benj. M. Stillwell*, for the respondent.

BARNARD, P. J. :

On the 1st April, 1872, one Peter Donlan executed and delivered to the plaintiff his bond, accompanied by a mortgage upon certain lands in the city of Brooklyn, to secure the payment of the sum of $3,400, with interest. On the twentieth September thereafter Donlan sold a portion of the premises to Heiden, defendant's testator. As part of the consideration of the sale, Heiden agreed to pay $2,050 of the principal sum secured by the mortgage held by plaintiff. On the 30th November, 1872, Donlan sold another portion of the mortgaged premises to Heiden, and, as part of this purchase-price, Heiden agreed to pay the further sum of $700, part of the same mortgage. Heiden died in July, 1873, never having paid either of these sums, or any part thereof. In August, 1873, Doscher was appointed executor and qualified as such. In November, 1873, the plaintiff commenced an action in this court to foreclose the $3,400 mortgage. Donlan, and Doscher executor of Heiden, were made defendants. The complaint asked for judgment for any deficiency which should arise upon the sale of the mortgaged premises against Donlon, but did not ask for any judgment against Doscher, as executor, for deficiency. Notice was served with the summons that no personal claim was made in the foreclosure action against Doscher as executor. He did not appear. Upon the sale there was a deficiency. Judgment was perfected in the action for the deficiency against Donlon. This action is brought to recover the same deficiency of the defendant as executor of Heiden. By 2 Revised Statutes 191, section 152, power is given to the Court of Chancery, in an action for the foreclosure of a mortgage, to render a judgment against the mortgagor for any deficiency arising upon the sale. Section 153 provides that no proceedings shall be had at law while foreclosure suit is pending, and after decree rendered thereon for the recovery of the debt secured by the mortgage, or any part thereof, unless authorized by the Court of Chancery.

Section 154 provides that if the mortgage debt be secured by any other person besides the mortgagor, the complainant may make such

person a party, and have a decree for the deficiency against him as well as the mortgagor.

No leave of the court has been obtained to bring this action. Judgment was given for the defendant at the Special Term.

It is urged upon the argument as a reason for the reversal of the judgment, that no leave to sue is required in this case; that section 153, above cited, permits a judgment for a deficiency only against the mortgagor upon a bill filed for the satisfaction of a mortgage. Section 153 provides that, " after such bill filed," no proceedings shall be had at law for the recovery of the debt; that section 154, authorizing a judgment against persons " besides the mortgagor " who are liable to pay the mortgage debt, and providing that such persons " may " be made parties, and that the court " may " give judgment for the deficiency, is permissive merely, and not mandatory; hence, that a mortgagee may sue a person collaterally bound to pay the mortgage, without leave of the court; that section 153 does not cover the cases provided for in section 154. We think the argument is not good. The three sections were designed to make one system, and to be read together. Before the statute no judgment could be rendered for the deficiency upon a mortgage; consequently complete relief could only be obtained in two actions, one in chancery to sell the mortgaged premises, and another at law to collect the deficiency.

The statute provides that entire relief should be given in one action.

Section 153 is not restricted to actions against the mortgagor, but provides, " that no proceedings whatever shall be had at law for the recovery of the debt secured by the mortgage." It operates upon the mortgage.

Whether section 154 is mandatory or not, is of no consequence in this case. The person collaterally bound is made a party; no personal claim was made against him, and he was notified that no such claim was made against him. It is a fair inference that the executor suffered the sale to take place in consequence thereof, without protecting the property. The plaintiff was bound to ask and obtain all the relief he was equitably entitled to in that suit. (*Cook* v. *Grant*, 1 Paige, 407.) Judgment should be affirmed, with costs.

GILBERT and DYKMAN, JJ., concurred.

Judgment affirmed, with costs.