Platt, J.,
delivered the opinion of the court.
The court below erred in granting a nonsuit. The receipt of Simeon Smith was undoubtedly competent evidence to prove the delivery of the hides to him, in compliance with the order of the defendant. He was, for that purpose, the agent of the defendant; and the receipt of the agent was the act of the principal. The order to deliver included an authority to receive. Proof of the signature of Smith to the receipt on the back of the order, ought, therefore, to have been allowed, as prima facie evidence of the delivery of the hides.
Whether the Court of Common Pleas also erred, in not excluding the justice’s return, as to the admissions of the parties before him, is a question involving the construction of the late “ act *113 (passed April 10, 1818,) to extend the jurisdiction of justices of the peace;” (sess. 41. ch. 94.) and calls for our exposition of that statute.
A return by a justice, on certiorari, is always to be received by this court as incontrovertibly true; and it is the only evidence which we can hear in affirming or reversing the judgment : but the object and design of removing the cause from the justice to the Common Pleas, on appeal, is entirely different. It is, in fact, granting a new trial, upon the same issue, in a higher court. The same witnesses #may be examined over again ; and the parties are put, to the proof of the facts upon the merits, as though there had been no previous trial before the justice. His return, therefore, is no evidence of facts to the jury, on an appeal.
By the 18th section of the “ act to extend the jurisdiction of justices of the peace,” the justice is directed, in case of appeal, to “make a return to the Court of Common Pleas of the proceedings before him, in which return it shall be the duty of the justice to state the title of the cause, the demands of the parties, the issue joined, the names of all the witnesses sworn and examined, and the names of any witnesses, if any were offered and rejected ; the names of the jury, if the trial was by jury, and the verdict and judgment rendered in the cause.”
From this, it seems that the justice’s return was designed merely to give jurisdiction to the Common Pleas, under the statute, and was intended for the information and guidance of that court, and not as evidence to the jury. It was to enable the Court of Common Pleas, to confine the parties to the same issue ; to prevent the admission of witnesses not offered in the court below ; and to ascertain the jurors who had tried the cause before, so as to afford a certain ground of challenge. As to all these particulars, the justice’s return is to be regarded as conclusive evidence to the Court of Common Pleas ; but any other recital of facts in the return is impertinent and useless.
The 19th section of the act expressly declares, that the Court of Common Pleas “ shall proceed and give judgment according as the very right of the case shall appear, without any regard to the previous trial had thereon.”
But in this case, we incline to the opinion, that the admissions of the parties, as stated in the justice’s return, may properly be considered as embraced in the words of the act, which require the justice to “ state the demands of the parties, and the issue joined,” &e,: and in that view alone was it proper to receive that part of the return as evidence in the Court of Common Pleas.
We are, therefore, of opinion, that the judgment of nonsuit ought to be reversed.
Judgment reversed.