# CASES IN CHANCERY.

## Van Rensselaer and others v. Morris.

A receipt is always susceptible of explanation.

An agent being dead, a written statement of an account made by him at tne time of a settlement, is evidence against the principal.

The probate of a will of personal property, is evidence of the due execution of the will.

The assignment by a trustee, as security for his private debt, of a bond ant mortgage belonging to the trust fund, will make such trustee chargeable for the value of such bond and mortgage at the time of such assignment, with interest thereon.

And such trustee will be so chargeable, although the mortgagor should, subsequent to such assignment, become insolvent, and the mortgaged premises be insufficient to discharge the mortgage debt.

Where letters of administration, with the will annexed, are granted, and the will having been made in a foreign country, remains as a record in some public office there, the proper course is to annex an authenticated copy of the will to the letters of administration.

The bill in this cause was filed against the defendant for an account, as trustee of John Cullen, deceased; James Van Rensselaer, one of the complainants, being the administrator with the will annexed, and the other complainants the devisees and legatees of Cullen. The principal ques tion in the cause was, whether the avails of 26 lots of lan in the city of Albany, belonging to the trust fund, were included in a settlement of the trust property made on the 11th November, 1822, between James Van Rensselaer, one of

*1828, April 28.*

1828.

Van Rensse-
laer
v.
Morris.

[*14]

the complainants, and Arthur Breese, the attorney and agent of the defendant; at which time Van Rensselaer gave Breese a receipt in full of all demands against the defendant, as the trustee of Cullen. The defendant in his answer, admitted that he did, in 1814, assign to one Lenox, as collateral security for his private debt, a bond and mortgage taken from *the purchaser on the sale of the Albany lots. The mortgagor afterwards, in the year 1817, became insolvent. Cullen died at Aux Cayes, in the island of St. Domingo. Previous to his death, he made his will. The executor named in the will renounced, and letters of administration were, on the 2d September, 1820, granted to James Van Rensselaer, by the court of probates of this state.

*Platt*, for complainants.

*Kane*, contra, cited *Van Devort* v. *Smith*, (2 Caines, 155;) *Utterson* v. *Mair*, (2 Ves. jun. 95;) *Alsager* v. *Rowley*, (6 Ves. 748;) *Burroughs* v. *Elton*, (11 Ves. 29; 1 Mad. 80;) *Chambers* v. *Goldwin*, (9 Ves. 266;) *Taylor* v. *Hayling*, (2 Brown's Ch. C. 435;) *Taylor* v. *Hayling*, (1 Cox, 435;) *Drew* v. *Porter*, (1 Sch. & Lef. 182, 192;) *Fairlie* v. *Hastings*, (10 Ves. 123;) (Bull. N. P. 282; 1 Phil. Ev. 207;) *Alland* v. *Jordan*, (1 Vern. 161;) *Anderson* v. *Maltby*, (2 Ves. jun. 243; *Dunbar* v. *Lem and others*, (6 Brown's Par. C. 503;) *Chappedelane* v. *Decheneaux*, (4 Cranch, 309, per Marshall, C. J.;) *Willis* v. *Jernegar*, (2 Atk. 251;) *Tickel* v. *Short*, (2 Ves. sen. 239;) *Freeland* v. *Heron and others*, 7 Cranch, 147;) *Chambers* v. *Goldwin*, (5 Ves. 837;) *Gray* v. *Minnethrope*, (3 Ves. 103;) *Pickering* v. *Lord Stamford*, (2 Ves. jun. 280, 582–3;) Mad. 79.

THE CHANCELLOR :—From the exhibits and proofs in this case, taken in connection with the defendant's answer, there cannot be a doubt that no specific settlement or account has ever been made or rendered, in relation to the twenty-six lots of land in Albany. It is not even pretended by the defend-

1828.

Van Rensse-
laer
v.
Morris.

ant in his answer. He says, generally, that the first receipt embraced transactions relative to the trust property. But his letter of November, 1826, even as explained by his answer, shows clearly that it could not have been settled at the time of giving the first receipt, although the bond and mortgage of Kane had at that time been assigned to Lenox. I am equally well satisfied it was not included in the settlement with Breese. Although the terms of the receipt given on that occasion by Van Rensselaer, may be broad enough to *cover a general settlement of the trust property, yet the same language might well have been used, if a settlement of the Crosby manor concern, only, was intended by the parties. It is not an instrument of which the court is bound to give a legal construction, which must be conclusive as to the intent. A receipt is always subject to explanation, and to have its general terms narrowed down by proof *aliunde.*[1] Although the defendant in his answer to the bill, insists that there was, at that time, a final settlement of the whole subject, he cannot be considered as swearing to a fact within his own knowledge. He was not present, and undoubtedly refers to the receipt taken by his agent, as the evidence which has satisfied his mind that it was a general settlement. If he had so considered it in November, 1826, he would not have written the letter of that date; and although he did not then recollect the terms of the receipt, if he had ever heard from his agent that he had settled for the Albany lands, that circumstance would not have been so soon effaced from his memory. Again; it does not appear by the power of attorney, which is among the exhibits, or otherwise, that Breese ever had anything to do with the Albany lots. Independent, therefore, of the written statement of the agent, who died more than a year before this controversy commenced, I should be satisfied

[*15]

[1] 1 Cowen & Hill's notes to Phil. Ev. 381; 2 id. 581, 582; *Fuller* v. *Crittenden*, 9 Conn. 401; otherwise if the receipt is in the nature of a contract; *Goodyear* v. *Ogden*, 4 Hill, N. Y. R. 104; *Dawson* v. *Kittle*, id. 107.

the Albany lands were not included in the settlement. But Mr. Breeze's written statement of the account is conclusive as to that fact, and I can see no legal objection to its admission as evidence. I think, under the circumstances in which it is found, it must be taken to be the statement of the account, as entered on the agency book at the time of the settlement, and therefore a part of that settlement. If so, it certainly would be legal evidence against the principal, if the agent was now living; it being part of the res gestæ.[1]   (1 Phil. Ev. 77.)

It is objected, on the part of the defendant, that there is no proof of the will of John Cullen. This objection is one of form, rather than of substance. Mrs. Van Rensselaer, being the only surviving relative of her brother, at the time of his death, if she and her children are not entitled to the property under the will, she would be entitled to the whole *under the statute of distributions. But the probate of a will of personal property is at least prima facie, if not conclusive evidence of the due execution of the will.[2]   In Baille v. Butterfield,(a) Lord Kenyon held that probate being granted as of a will and codicil, it was conclusive evidence, as to the fact of there being two distinct instruments. The letters of administration, with the will annexed, granted by the late court of probates, is somewhat informal, but is sufficient to render it valid, until revoked. I am bound to presume that the will annexed to the letters of administration was duly proved, that the court had legal evidence of the correctness of the translation, and that the original will was so situated that it could not be obtained here. It being made before a notary, in an island where the civil or French law prevails, the original, probably, must always remain there as one of the records of his office. In such a case, the

(a) 1 Cox's Ca. 392.

---

[1] 1 Phil. Ev. (3d ed.) 364,

[2] Colton v. Ross, 2 Paige, 396; Bogardus v. Clark, 4 id. 623.

proper course is to annex an authenticated copy to the letters of administration.

It must, therefore, be referred to a master, to take an account between the parties in relation to one fourth of the proceeds of the Albany lots. I do not think the complainants have shown enough in this case to authorize the opening of the account generally. The assignment of Kane's bond and mortgage to Lenox, for the private debt of the defendant, was such an unwarrantable use of the trust fund, as to make him chargeable with the actual value of one fourth of that bond and mortgage, at the time of such assignment, with the interest thereon from that time.

The question of costs, and other questions and directions are reserved.