## Case No. 15,732.

### UNITED STATES v. MARTIN.

[2 Paine, 68.] [1]

Circuit Court, N. D. New York. Feb. Term, 1832.

SET-OFF—ACTION BY GOVERNMENT—HOW ALLOWED—DISALLOWED CLAIMS—AGENTS.

1. Under the 4th section of the act of congress,—2 [Bior. & D.] Laws 594 [1 Stat. 512],—declaring that in suits between the United States and individuals, no claim for a credit shall be admitted upon trial but such as shall appear to have been presented to the accounting officers of the treasury for their examination, and by them disallowed in whole or in part, except in certain cases specified; that credits have been presented to the treasury department and disallowed, are matters to be shown by the party claiming the credit; and if any objection is to be made to any charge against the defendant, that is matter to be shown by him, and he is bound to produce the evidence necessary to raise the inquiry.

2. The United States are not bound by the declarations and representations of their agent, unless it clearly appears that the agent was acting within the scope of his authority, and was empowered in his capacity as agent to make the declaration.

[Cited in Indiana Central Canal Co. v. State, 53 Ind. 593.]

3. The answer, in chancery, of an agent, is not evidence against his principal; neither are his admissions in pais; unless they are a part of the res gestæ.

4. The representations of an agent in doing an act within the scope of his authority, are evidence against the principal, and are as binding on the principal as the act itself; but the representations must accompany the act, and the principal is not bound by them at any other time.

Error to the district court of the [United States for the] Northern district of New York.

The suit in the court below [case unreported] was an action of debt [against Hugh R. Martin] on a bond dated September 1, 1813. On the trial, exception was taken to the introduction in evidence of a transcript from the treasury department; first, because not evidence under any count in the declaration; second, because all the items composing the account were not contained in the transcript. Exception was, also, taken to the introduction of a letter of one Hagner, an agent of the United States, signed by him in his official capacity, wherein he admitted that there was nothing due the United States.

PER CURIAM. As to the first objection, the counsel seems to be under a misapprehension with respect to the counts. There is a count upon an insimul computassent and the settlement and statement of the balance

were at all events admissible under that count. As to the second objection, I think it was not necessary that the transcript should contain all the items. The provision in the act of congress—2 [Bior. & D.] Laws, 594, § 2 [1 Stat. 512]—is that in every case of delinquency, where a suit is or has been instituted, a transcript from the books and proceedings of the treasury, certified by the register, and authenticated under the seal of the department, shall be admitted as evidence: and the court trying the cause, shall be thereupon authorized to grant judgment and award execution accordingly. And by the fourth section it is declared, that in suits between the United States and individuals, no claim for a credit shall be admitted upon trial but such as shall appear to have been presented to the accounting officers of the treasury for their examination, and by them disallowed in whole or in part, except in certain cases specified, not, however, covering the present case. Under these provisions in the statute, it is not perceived what possible benefit could result to the defendant from the transcript containing all the items. So far as any credits were involved, the court could enter into no examination unless they had been presented to the treasury department and disallowed; and that was matter to be shown on the part of the party claiming the credit; and if any objection was to be made to any charge against the defendant, that was matter to be shown on his part, and he was bound to produce the evidence necessary to raise that inquiry.

But a verdict having been given for the defendant, all this is immaterial if the court erred in admitting the letter from Peter Hagner to the defendant, of the 20th of September, 1816. By the 11th section of the act of 1817 [3 Stat. 368], the transcripts are to be certified by the auditors instead of the register; and the officers of accountant and additional accountant are abolished, and the appointment of auditors authorized, and the duties of accountants transferred to them. By the act 29th April, 1816 [3 Stat. 222], an additional accountant of the war department is required to be appointed, whose duty it shall be to adjust and settle all the accounts in that department existing at the conclusion of the late war and then unsettled. This act was limited to one year and the end of the next session of congress thereafter. The authority given to the assistant-accountant, under this act, is special, and it might be a sufficient answer to the admissibility of the letter of Hagner, that it did not appear to relate to accounts coming within the act. Its being addressed to Hugh R. Martin, late captain 13th infantry, may afford reasonable belief that such was the fact, if the letter was at all admissible; but it should appear clearly that it related to matters within the scope of his authority; and besides, the transcripts introduced in evidence

show, that upon the settlement of the 19th September, 1816, a credit was claimed for enlisting twelve recruits which was at the time suspended, but afterwards admitted; and a further credit of thirty dollars is allowed him for advances made to a surgeon for medical services. These credits must have been allowed in consequence of claims set up by Martin, and show that the settlement referred to in Hagner's letter could not have been understood as closing all accounts. These, however, may be considered objections going to the weight of evidence, but not to its competency; but I think the evidence altogether inadmissible, and should have been rejected by the court. This letter bears date after the settlement of the account; and it would be a very dangerous principle to adopt, that the United States are bound by the declarations or confessions of their agents, made after the transaction was done. In the case of Lee v. Monroe, 7 Cranch [11 U. S.] 368, the question came under the consideration of the court, "How far the United States were bound by the declarations and representations made by their agents;" and the court seems to make a distinction between agents of the public and of private persons, and lays down the rule that the principal is not bound unless it most manifestly appears that the agent was acting within the scope of his authority, and was empowered, in his capacity as agent, to make the declaration or representation which is relied on as the ground of relief. But I apprehend this letter would not have been admissible even if Hagner be considered as standing on the same footing as the agent of a private person. Hagner himself would have been a competent witness, and should have been examined, and might have explained the incongruity between his letter and the subsequent statement of the account made by himself. 2 Caine, 106. In the case of Leeds v. Marine Ins. Co., 2 Wheat. [15 U. S.] 383, this general rule is laid down, that the answer in chancery of an agent is not evidence against his principal, nor are his admissions in pais unless when they are a part of the res gestæ.[2]

---

[2] We are, in the first place, after fixing upon him the character of an agent, to inquire whether his acts, statements or declarations proposed to be given in evidence, took place while he was making the agreement or otherwise proceeding within the scope or bounds of the authority which we find he possessed. If this be so, they are the acts, statements or declarations of the principal himself; and though the party insisting upon them as such, may call the agent and prove them by him, yet he may be passed by, and any third person having the requisite knowledge of such acts, statements or declarations, is equally admissible for that purpose. Rawson v. Adams, 17 Johns. 130, 131; Sherman v. Crosby, 11 Johns. 70, 71; Shelhamer v. Thomas, 7 Serg. & R. 109; Meredith v. Kennedy, Litt. Sel. Cas. 516–518; Hood v. Reeve, 3 Car. & P. 532; per Spencer, J., in Coleman v. Southwick, 9 Johns. 54 55; per Marcy, J., in Benjamin v. Smith, 4 Wend. 334; Thallhimer v. Brinckerhoff, 4 Wend. 396,

This rule was laid down by Phillipps, in his treatise on the Law of Evidence (volume 1, 77), that the representations of an agent in doing an act within the scope of his authority is evidence against the principal himself for what the agent says may be explanatory of or determine the quality of the act which it accompanies, and is as binding on the principal as the act itself. Thus, what an

397; Town of Burlington v. Town of Calais, 1 Vt. 385; Perkins v. Burnet, 2 Root, 30; Mather v. Phelps, Id. 150; Irving v. Motley, 7 Bing. 543; Webb v. Alexander, 7 Wend. 281, 283, 286. The contract of an agent, to be binding upon his principal, must be within the authority conferred. 26 Wend. 192. If the agent's acts vary substantially from his authority in nature, extent or degree, they do not bind the principal. Id. If the power of the agent be created by a written instrument, and that be known by the party with whom the contract is made, the nature and extent of the authority must be ascertained from the instrument itself, and cannot be varied or enlarged by evidence of usage. Id. Before an agent can insist that his principal has adopted, as his own, acts which the agent had no authority to do, it is necessary to show that the principal was fully apprized of all the facts and circumstances attending the transaction. Hines v. Butler, 3 Ired. Eq. 307. A recognition of the acts of an agent by his principal is equivalent to an original grant of authority. Conn v. Penn [Case No. 3,104]. The act of a public officer, exceeding the authority conferred on him by law, may be adopted by the party for whose benefit it is done—a subsequent satisfaction being equivalent to an original authority. Farmers' Loan & Trust Co. v. Walworth, 1 Comst. [1 N. Y.] 433, per Bronson, J. A ratification of part of an unauthorized transaction of an agent, or one who assumes to act as such, is a confirmation of the whole. Id. Where a person, without authority, assumes to act as the agent of another, the one for whom he assumes to act cannot claim the benefit of his agency in part, and reject it as to the residue of the same transaction. Benedict v. Smith, 10 Paige, 126. It is a general rule, that the principal is bound by the acts of his general agent, though the agent exceed his private instructions. But the rule does not apply to cases where the person dealing with the agent is apprized of the existence of the private instructions. Longworth v. Conwell, 2 Blackf. 469. An agent being dead, a written statement of an account made by him at the time of a settlement is evidence against the principal. Van Rensselaer v. Morris, 1 Paige, 13. The United States are not bound by the declarations of their agent, founded upon a mistake of fact, unless it clearly appears that the agent was acting within the scope of his authority, and was empowered, in his capacity of agent, to make such declaration. Lee v. Munroe, 7 Cranch [11 U. S.] 366. The principal is bound by the representations of his agent, when part of the res gestæ. Doggett v. Emerson [Case No. 3,960]; Hough v. Richardson [Id. 6,722]. Where the admissions of an agent are part of the res gestæ, they may be given in evidence against his principal; but in no other case. Reed v. Brooks, 3 Litt. 127; Leeds v. Marine Ins. Co., 2 Wheat. [15 U. S.] 380. The declarations of an agent, made at the time of doing an act within the scope of his authority, and relating to the subject-matter of the act, are evidence as a part of the res gestæ; but statements subsequently made by him are not, because the latter are made without authority, and for that reason stand on the same footing with the declarations of another person. Benedict v. Denton, Walk. Ch. 336.

agent says at the time of a sale which he is employed to make, is evidence as part of the transaction of selling, but the principal is not bound by the representations of an agent at another time; and this is a sound distinction, and the only safe rule to be adopted. The declarations or representations must accompany the act, so as to be considered as forming a part of the res gestæ. 10 Johns. 479; 1 Camp. 389. The letter of Mr. Hagner does not come within this rule, and should have been rejected, even on this ground, without relying on any distinction between an agent of the government and of an individual. See U. S. v. Tillotson [Case No. 16,524].

The judgment of the court below must be reversed without costs, and a venire facias de novo awarded, returnable in this court.

UNITED STATES (MARTIN v.). See Case No. 9,168.