By the Court, Cowen, J.
The plaintiffs contended that the proceeding below was for fraud, and not on the ground of the defendant’s non-residence. In this view an affidavit was necessary. But the affidavit in the present case will not stand the test of law; (Ex parte Robinson, 21 Wend. 673; Connell v. Lasscells, 20 id. 77, 79 and cases cited; Comfort v. Gillespie, 13 id. 404;) nor was there the proper time between the service and return of the process. (2 R. S. 202, 2d ed. § 295; id. 163, § 31; Johnson v. Moss, 20 Wend. 146, 7.) The common pleas were right, therefore, in holding the proceedings to have been irregular, if it was competent for them to go into the question. Whether they were so in rendering a judgment of nonsuit, I shall enquire hereafter.
An attempt is now made to sustain the attachment as a short one against a non-resident. But this cannot be, after what passed in the court below. If the justice has a right on appeal to return process in order to an enquiry into its validity, he must also have the power to return all matters even of evidence tending to sustain or defeat it. If an appeal is to be turned into a *267 certiorari, the change must be complete, or gross injustice may ensue.
On an appeal, the justice is required to return the title of the cause, the demand of the plaintiff, the declaration, plea, notice of set-off, and any other proceedings of the parties upon which an issue was formed, together with the issue joined between them; (2 R. S. 187, 8, 2d ed. § 194:) that is to say, a replication, rejoinder, notice of special matter <fec. The parties are, on this return being made, to proceed and try the cause upon the issue or issues thus returned, or bring the issue or issues of law to argument, if there be any, on which the court are to give judgment &c. Indeed, unless the appeal be dismissed, the whole of the proceedings relate to the merits. There is no provision for going beyond them. (Id. 189, 190, 191.)
The justice had already returned the issues, and more too, When a motion for a supplemental return was granted, and the case thus made out against the plaintiffs on the point of irregularity in the court below. The attachment appeared to be unsupported by a proper affidavit, and the service a short one. It was as if this court should make an order for an attachment against a foreign corporation on an affidavit totally defective, and the process should moreover be irregularly served. Such defects are never alleged by plea and tried upon an issue formed. The motion is simply to set aside the proceeding as irregular.
I admit, the statute concerning appeals requires the return of issues upon pleas in abatement. The common pleas may proceed to the trial of such issues. But a motion to set aside proceedings for irregularity is not a plea in abateriient. No judgment is ever rendered on such a motion. The court obtains information by admission, affidavit, or otherwise, according to its means; and simply grants or denies the motion. In this case the office of the justice was to retain or set aside the process or return, accordingly as he should find out that the defendant was a resident or non-resident. The plaintiffs’ admission was evidence on this point. The justice therefore erred. However, the cause was retained. The parties went into a course *268 • of .pleading and trial on the merits; and instead of attacking the 'outworks by a certiorari to this court, the defendant ap-'
' -pealed, to the common pleas. Certainly, after that, rve should never have granted a certiorari. The object of an appeal is to. •try the merits ; and, when made, it is a waiver of all questions relating to form, unless indeed they are properly raised by plea in ’ .abatement, running on to an issue of fact for the jury, or of law for the court.
. -It seems to me that the justice has no power to return the mate- . rialsffor .any other action on the part of the court; and that, when they are returned, whether process, affidavit, admission, evidence &c.,- they should be rejected as impertinent. (Rawson v. Adams, 17 John. 130, 132; People v. Vermilyea, 7 Cowen, 137; Van Patten v. Ouderkirk, 2 John. Cas. 108.)
Great ingenuity has, however, been exercised by counsel to fextract an issue of law from the proceedings on the motion. It .is .said, the defendant pleaded residence in abatement, and the plaintiffs demurred. They in fact answered that they had not
• proceeded on the ground of non-residence, but fraud; and the defendant said that, in this view, the affidavit was defective and the service a short one. The whole was a mere discussion on ’ the question of regularity.
Adopting the freedom of the counsel in turning motions into pleadings, every thing in the whole field of forensic dispute may be made to bear that character. The parties are here made to travel back behind the declaration and come forward half way to a surrebutter before they reach it. The attachment is returned under a statute which authorizes the return of pleadings only. The affidavit, the constable’s return, the motion to set the. return aside, and what the defendant alleged as the -ground of his motion, with the plaintiff’s explanation, are also included in the return. Every thing said or sworn in the course of a cause may .in one sense be considered, in the words of the statute, a proceeding on which an . issue is formed. Allegation, admission, avoidance and denial are the course of the parties before the jury. ‘ They are continually at issue by themselves or witnesses ■ on collateral points of dispute. They can scarcely open their *269 mouths without, in a large sense, being said to proceed in forming an issue. If the statute be taken in the same sense, all distinction between an appeal and certiorari must cease; and instead of returning what are considered in a technical sense as pleadings or proceedings to issue on which a new trial is to be had or judgment given as on demurrer, the justice may return the whole case—process, pleadings and evidence—as he does upon a certiorari. The common pleas may then render judgment without trial, as they did in this case.
Such was not the design of the statute. If the regularity of the proceedings are to be drawn in question, I think this must, in all cases, be done by certiorari. The question is jurisdictional, that is to say, has the justice followed the statute authority ? Has he followed the rules of practice in those things wherein the statute has left him no discretion ? This may be tested by a common law certiorari, in answer to which he is bound to show that he has followed the statute. It is true that when put to that, after issue joined and a recovery to an amount over $25, the party gets no costs. I do not think the legislature considered it right he should have costs. Every object of substantial justice is attainable by the appeal and a new trial on the merits. Below $25, he goes to his statute certiorari returnable in the common pleas. Above that sum, he makes his election. The statute has not expressly taken away the jurisdiction of this court; and a certiorari may still be brought at the choice of the party grieved. Our general jurisdiction over all inferior tribunals remains until expressly taken away. (Ex parte Heath, 3 Hill, 42, 52, and the cases there cited.) True, where there is a right of appeal, we generally deny a certiorari. It will not reach all the merits. Yet where there is a palpable usurpation of power, and it is seen that the party has been injured, it would undoubtedly be granted. The authority to do this, and indeed our duty to do it in a proper case, notwithstanding the right of appeal from a justice, is asserted in Comstock v. Porter, (5 Wend. 98.) I do not admit that we should ever do it where the party has in fact appealed ; and it should be done very rarely where he has not. Yet we still hold the power in our discretion to grant or deny the writ.
*270 The awkwardness of appealing for an irregularity is sufficiently exemplified in the case before us. The record says, “ The cause being called for trial by the defendant, it is ordered that the proceedings before the said justice be held as of no effect, and that the plaintiffs be nonsuited, because there was not sufficient time between the service and return of the attachment issued by the said justice, and for the insufficiency of the affidavit. And it is considered that the plaintiffs take nothing by this suit; but that they be in mercy &c., and that the defendants go thereof without day.” This is called a conformity to the statute which orders the justice to return the pleadings and proceedings on which an issue is formed, and directs the common pleas to decide the issue, if it be one of law, or try it, if it be one of fact. If they had jurisdiction of the question, yet clearly they could do no more than the justice could have done—set aside the proceedings for irregularity. It seems to me that we gave too comprehensive a sense to the word issue in the statute, when we decided Bennett v. Ingersoll, (24 Wend. 113.) See Malone v. Clark, (2 Hill, 657.) (a)
Not only are the allegations on the motion treated as pleadings, and the decision as a judgment; but the evidence on which the motion was decided is returned, and judgment given by the common pleas without a trial. This is the inevitable state of the case, unless the proceedings on the motion, and the evidence, can be manufactured into a demurrer. When the plaintiffs were charged with proceeding by a defective affidavit against a resident, and evidence was offered to prove residence, which was an essential fact, they said they went on fraud; and this is insisted on as an implied admission—a non-denial of the fact. That was matter of evidence; and if there was an issue of fact, (for there was clearly no demurrer,) the common pleas should have tried it by a jury. The admission below might have then been given in evidence. It is said on the authority *271 of Rawson v. Adams, (17 John. R. 130, 132,) that admissions are a part of the issue, if made before the justice. The admission there was veritably a part of the pleadings. Here it is no more than an inference to be derived from what the plaintiffs said as to the nature of their proceeding. “ They did not assume or contend that the defendant was a non-resident, but opposed the motion and the offer to introduce proof of residence, because their proceedings were not bottomed on the ground of non-residence,” is almost the literal account of the matter given in the supplemental return. Had a jury been sworn in the common pleas, the plaintiffs might still have given proof that the defendant was a non-resident. The admission was not among that class which concludes the party. It was a mere deduction from his argmnent. Thus the return was received not only of the issue in abatement, assuming there was one, but of the evidence tending to establish it.
It is said now that the defendant resided in Hamilton, which was in Madison county; and the affidavit, I see, states the fact. If that be true, the attachment was regular according to the decisions of this court. The question should at any rate have been tried by a jury. It does not follow-that, even if the thousand contests about regularity are to be returned as issues, the common pleas may, therefore, receive a return of the evidence.
I do not perceive any difficulty in the way of the common pleas taking cognizance of the cause, whether the process before the justice was regular or not. He had jurisdiction of the subject matter, and the parties were there. The defendant chose to take issue, and had judgment against him on the merits. That the justice erred, did not render the proceeding void. Suppose an execution had gone, could the justice have been sued as a trespasser 1 Clearly not. To claim such a consequence, the party should at least have refused to submit when the justice decided against him, and withdrawn from the contest. The common pleas, therefore, had jurisdiction.
But if they had not, what was it then- business to do ? Non-suit the plaintiffs ? If all was coram non judies, what right had they to render judgment at all ? The utmost they could have *272 done was to condemn the proceedings, and dismiss them as a nullity.
In any view which can be taken of the case, I think the common pleas erred; that the judgment should therefore he reversed, and a venire de novo issue from the court below.
Judgment reversed.

 And see Swartwout v. Roddis, (ante, p. 118.)