Happy *v.* Mosher.

HAPPY *vs.* MOSHER and others.

The declarations of an agent, made while transacting the business of his agency and acting within the scope of such agency, are admissible in evidence against his principal, as part of the *res gestæ.*

A person who has contracted to construct a barge for another is to be regarded as the owner, so far as the lien of persons furnishing lumber to him is concerned; and his acts and declarations in regard thereto are binding.

Attachment proceedings having been received in evidence on the trial, without objection, it is too late upon appeal to question their regularity or sufficiency.

The execution of a note by the owner of a vessel for lumber used in her construction will not have the effect to discharge the lien of the creditor upon the vessel, where it appears that the same was not accepted.

THIS is an appeal from a judgment entered in favor of the plaintiff against the defendants for $408.81, May 3, 1866. The action was brought by the plaintiff to recover upon a bond executed by the defendants, after the seizure, by attachment, of a certain barge, to enforce a lien for lumber claimed to have been furnished by the plaintiff, to the value of $247.64, and used in the construction of said barge, at Rondout, in the county of Ulster. The condition of said bond is as follows : " Now the condition of the above obligation is such that if the above bounden Alfred Mosher, John H. Evertson and William C. More, the obligors herein, shall pay the amount of any and all claims and demands which shall be established to be due to said Jacob Happy and to have been a subsisting lien upon said vessel, pursuant to the act of the legislature

of the state of New York, entitled ' An act to provide for the collection of demands against ships and vessels,' passed April 24, 1862." The action was tried at the Ulster circuit January, 1866, and a verdict was found in favor of the plaintiff, for $246.40, upon which judgment was rendered with costs, amounting in all to the sum of $408.81. The additional facts necessarily involved in the disposition of the case appear in the following opinion.

*Mr. Stebbins*, for the appellants.

*E. Cooke*, for the respondent.

*By the Court,* INGALLS, J. The defendant, Mosher, employed one James Caler to construct the barge in question, and in March, 1866, one Lewis Minnerly, who was in the employ of said Caler as his foreman, contracted with the plaintiff on behalf of said Caler and by his authority, for a quantity of chestnut lumber. The evidence was sufficient to justify the jury in finding that the lumber when delivered was used in the construction of the barge in question. Certainly there was sufficient to justify a submission of that question to the determination of the jury, and their finding must be regarded conclusive. No error was committed in admitting as evidence the declarations of Minnerly to the plaintiff, as to who he purchased the lumber for, and in regard to the amount thereof, which was used in building the barge. The evidence shows that Minnerly was the agent of Caler in making the purchase, and was directed by him to settle with the plaintiff in respect to the lumber furnished. And the declarations of Minnerly were made while transacting such business, and while acting within the scope of such agency, and were properly received as a part of the *res gestæ.* (*Thallhimer* v. *Brinckerhoff,* 6 *Cowen,* 99. *Van Rensselaer* v. *Morris,* 1 *Paige,* 15. *Brehm* v. *The G. W. Railway Co.,* 34 *Barb.* 275. *Fox* v. *Parker,* 44 *id.* 542, 547.)

Caler is to be regarded as the owner of the barge, so far as the lien of the plaintiff for the lumber furnished by him is concerned. And the acts and declarations of Caler in regard thereto are binding. (*Andrews* v. *Durant,* 11 *N. Y. Rep.* 35. *Low* v. *Austin,* 20 *id.* 181.)

The attachment proceedings were admitted without objection, and it is too late upon appeal to question their regularity or sufficiency. Proper objections must be taken upon the trial to justify a review in this court. (*Mabbett* v. *White,* 12 *N. Y. Rep.* 451. *Elwood* v. *Deifendorf,* 5 *Barb.* 406. *Norman* v. *Wells,* 17 *Wend.* 142.)

The execution of the note by Caler, under the circumstances, did not have the effect to discharge the lien upon the barge, as the jury were justified in finding from the evidence that it was not accepted by the plaintiff. (*Noel* v. *Murray,* 13 *N. Y. Rep.* 167. *Hill* v. *Beebe, id.* 557. In the case of the *Brig Nestor,* 1 *Sumner,* 73.)

The charge of the learned justice was in accordance with the foregoing views, and if they are correct, it follows that no material error was committed prejudicial to the rights of the defendants. The judgment must be affirmed, with costs.

[ALBANY GENERAL TERM, December 3, 1866. *Miller, Ingalls* and *Hogeboom,* Justices.]