Eliza F. Larkin vs. Peter J. Mann and Abram Mann.

A. Testator, by the 5th item of his will, gave and bequeathed to his daughter, E. $200, to be paid by his executors in two years after his decease. By the 13th item of such will, the testator charged upon the real estate devised to his two sons, (the defendants,) certain legacies, including the above, in manner following: "And I do hereby declare the legacies mentioned and contained in the 1st, 2d, 3d and 4th of the above mentioned bequests, *and the $200 contained in the 5th bequest*, a lien and charge upon the real estate hereinafter devised to my said two sons, viz. one half thereof on the share of the real estate devised to each son, and the said real estate is devised as aforesaid subject to the payment of said legacies, as aforesaid." The testator then disposed of all the remainder of his estate as follows: "I do give and bequeath to my two sons P. and A. in equal proportions, all the remainder of my real and personal estate and choses in action not hereinbefore devised; to have and to hold to themselves, their heirs and assigns forever." The testator devised to his said two sons considerable real estate, a portion of which was devised to them jointly, and the residue in severalty. And they, after his death, held, possessed and enjoyed such real estate.

*Held* 1. That the personal estate did not constitute a primary fund to satisfy the legacy to E. of $200. (1.) Because it was all disposed of by the will. (2.) Because the legacy was expressly charged upon the real estate devised to the defendants, who were by the will charged with the payment of the legacy.

2. That the defendants, by accepting such real estate under the will, assumed the burden imposed, and thereby became liable personally to pay the legacy in question.

3. That an action by E. against the two sons of the testator, in which the relief sought was that the defendants might be adjudged and decreed to pay the said legacy of $200, and for other and further relief, could be sustained against both the defendants; the legacy being entire, and the defendants being, by the will, in effect, directed to pay the same. And that the plaintiff was not obliged to sever such legacy and bring a separate action against each defendant, to recover the same.

4. That although the testator directed that the legacy of $200 to E. should be paid to her by his "*said executors*," &c. yet that it was evident from the provisions of the will that he intended to charge the defendants personally, and that the word "executors" was merely descriptive.

5. That a judgment directing each defendant to pay an equal share of the legacy, with costs, and in default of such payment, that the real estate be sold to satisfy the same, was proper, the action being in equity.

THIS is an appeal by the defendants from a judgment rendered in favor of the plaintiff on the 4th day of October, 1867, for $304 54, damages and costs.

Larkin *v.* Mann.

*N. P. Hinman* and *H. Krum*, for the appellants.

*R. Brewster*, for the respondent.

*By the Court*, Ingalls, J. This action is brought by the plaintiff to recover a legacy of $200 bequeathed to her in and by the will of her father, Peter Mann. The will was executed in due form of law on the 5th day of April, 1857, and a codicil was made and annexed thereto April 11, 1859. The testator died August 17, 1864, and the will and codicil were admitted to probate on the 17th day of October, 1864. The legacy in question is bequeathed to the plaintiff in the 5th item of the will, as follows: "5th. I do give and bequeath unto my daughter Eliza F. Mann, the sum of $200, to be paid to her, her heirs or assigns, by my said executors, in two years after my decease." By the 13th item of said will the testator charged upon the real estate devised to his two sons, the defendants, certain legacies, including the one in question, in manner following: "And I do hereby declare the legacies mentioned and contained in the 1st, 2d, 3d and 4th of the above mentioned bequests, *and the* $200 *contained in the 5th bequest,* a lien and charge upon the real estate hereinafter devised to my said two sons, viz. one half thereof on the share of the real estate devised to each son, and the said real estate is devised as aforesaid, subject to the payment of said legacies as aforesaid." By the same item of said will the testator disposed of all the remainder of his estate as follows: "I do give and bequeath to my two sons, Peter J. and Abram, in equal proportions, all the remainder of my real and personal estate and choses in action not hereinbefore devised. To have and to hold to themselves, their heirs and assigns forever." The testator, by said will, devised to the defendants considerable real estate, a portion of which was devised to them jointly, and the residue in severalty. Upon the trial the will was read in

evidence, and for additional facts the parties relied upon the admissions contained in the pleadings. The plaintiff, among other facts, charged in the complaint as follows: "That ever since the death of the testator the defendants have held, possessed and enjoyed the real estate devised to them as aforesaid, by virtue of said last will and testament, and have sold and conveyed certain portions thereof." The defendants in their answers do not deny that they received under the will real estate, but allege, in substance, that the portion thereof which was devised to them jointly, was by the testator after the execution of the will, and on the 9th of June, 1862, conveyed to them by deed, and whatever real estate they received under the will was so received and held by them in severalty, and not jointly or in common. The deed was not put in evidence upon the trial, nor is it alleged in the pleadings what its nature or form is, nor but that it harmonizes with the devise in the will. The cause seems to have been rather hastily, and perhaps imperfectly, presented upon the facts; yet I think enough appears to justify the judgment pronounced. It is very clear that the personal estate did not constitute a primary fund to satisfy the legacy in question. 1st. Because it was all disposed of by the will. 2d. Because the legacy was expressly charged upon the real estate devised to the defendants, who were by the will charged with the payment of the legacy. (*Hoes* v. *Van Hoesen,* 1 *N. Y. Rep.* 120. *Kelsey* v. *Western,* 2 *id.* 501. *Willard's Eq. Juris. p.* 488. *Hallett* v. *Hallett,* 2 *Paige,* 15.) The provision of the will charging the legacy upon the estate is unequivocal. It not only declares the legacy to be a lien and charge thereon, but devises the real estate to the defendants *subject to the payment thereof.*

Again, the defendants, by accepting such real estate under the will, which, from the facts proved, they should

be held to have done, assumed the burden imposed and thereby became liable to pay the legacy in question. In *Willard's Equity Jurisprudence,* (*p.* 489,) the author says: "But where the real estate is devised to the person who, by the will, is directed to pay the legacy, it has frequently been decided that such legacy is an equitable charge upon the real estate so devised, *although the devisee is also executor, or is the residuary legatee of the personal estate.*" Again, on the same page: "If, however, the devisee accepts the devise, he becomes personally liable for the legacies, notwithstanding which the legacies are an equitable charge upon the real estate." (*See also Harris* v. *Fly,* 7 *Paige,* 421; *Kelsey* v. *Western,* 1 *N. Y. Rep.* 501; *Gridley* v. *Gridley,* 24 *id.* 130.) Thus, we perceive, the legacy was not only charged upon the real estate, thereby creating a lien, but the defendants became liable personally to pay the same, having accepted the real estate devised to them, charged with the burden.

The summons in this action is for relief, and the complaint demands judgment that the defendants be adjudged and decreed to pay the said legacy, and that the plaintiff have such other or further relief as the nature of the case requires. No question was raised, upon the trial, that the complaint was not adapted to the nature of the relief sought; or that it was insufficient in the statement of facts. The defendants having answered, and participated in the trial, the court was authorized to pronounce such judgment as the facts alleged in the pleadings and proved upon the trial justified; even though the relief demanded in the complaint was insufficient. (*Code,* § 274. *Emery* v. *Pease,* 20 *N. Y. Rep.* 62.)

We are also of opinion that the action was properly sustained against both defendants, and that the judgment is correct. The legacy is entire, and the defendants are by the will, in effect, directed to pay the same.

Larkin *v.* Mann.

It is true the testator in making this bequest uses the following language: "5th. I give and bequeath unto my daughter, Eliza F. Mann, the sum of two hundred dollars, to be paid to her, her heirs or assigns, *by my said executors,*" &c. But it is very evident from the provisions of the will that he intended to charge the defendants personally, and that the word "executors" was merely descriptive. The fact that the testator, when he came to declare the extent of the lien upon the real estate devised to the defendants, directed that one half of the legacies should be charged upon the share of the real estate devised to each son, indicates merely that he intended to define the extent of the incumbrance upon the real estate devised to them, *as between themselves,* in case a sale of any part of the real estate should become necessary to satisfy the legacies, or any of them. We are disinclined to accept the theory that the plaintiff was compelled to sever this legacy of two hundred dollars, and bring a separate action against each defendant, to collect the same. Such was not the intention of the testator, as evidenced by the will. Nor, in my judgment, does the law require such course to be pursued, when the rights of all the parties can be properly adjusted in this equity action. As between themselves and the legatees, the defendants are chargeable jointly with the payment of the legacies, and they are left to adjust the equities, as between themselves, or have it accomplished in this action. The judgment in this action seems to be framed with a view to protect each defendant; for it provides, among other things, that each of the defendants shall pay an equal share of the legacy, with costs, and in default of such payment, that the real estate be sold to satisfy the same. This being an equity action, the court was authorized to render such a judgment as was just and agreeable to the facts alleged and proved. And I do not think that power has been transcended in

this case. Two actions should not be encouraged when adequate relief can be obtained in one; as the law abhors multiplicity of suits. (*Towner* v. *Tooley,* 38 *Barb.* 598. *Hallett* v. *Hallett,* 1 *Paige,* 15.)

The judgment should be affirmed, with costs.

[ALBANY GENERAL TERM, December 7, 1868. *Ingalls, Hogeboom* and *Peckham,* Justices.]