EDWIN D. BARBER, APPELLANT, *v.* MAURICE STETTHEI-
MER AND OTHERS, RESPONDENTS.

*Appeal to County Court — Return by justice — truthfulness of, cannot be questioned.*

Upon an appeal to the County Court from a judgment of a justice of the peace,
the truthfulness of the justice's return, if it be fully responsive to the notice
of appeal, cannot be questioned nor controverted by affidavits, nor can a fur-
ther return, as to the truth of matters in respect to which the original return
is controverted by affidavits, be required.

If the return be false, the remedy of the party aggrieved thereby is by an action
against the justice.

APPEAL from a judgment of the Monroe County Court, revers-
ing a judgment rendered by a justice of the peace in favor of the
plaintiff.

The judgment was reversed by the County Court upon the ground
that upon the day to which the cause had been adjourned, the
justice held it open to the next morning indefinitely, in the absence
of the defendant, the County Court holding that the action was
thereby discontinued, and the justice lost jurisdiction.

*J. Van Voorhis*, for the appellant.

*E. Harris*, for the respondents.

SMITH, J.:

The only ground of irregularity specified in the notice of appeal
to the County Court, was that the judgment of the justice was
irregular in that the action was discontinued by the non-appearance
of the plaintiff on the last adjourned day, at or within one hour
from the time appointed, and the absence of the justice from his
office at and before the expiration of the hour allowed by law. The
object of requiring a specification in the notice of appeal, of the errors
alleged, is that the adverse party and the justice, may be fairly
apprised of the ground on which a reversal of the judgment is
sought. (*Lee v. Schmidt*, 6 Abb., 183; *Williams v. Cunningham*,
2 Sandf., 632; *Thompson v. Hopper*, 1 Code R., 103.) That is

necessary to enable the justice to make a proper return (*Webster* v. *Hopkins*, 11 How. Pr. R., 140), and the respondent to prepare for argument, or procure an amended return, if the original return is defective as to any ground of appeal. (*Morton* v. *Clark*, id., 498.) In the present case, the justice returned fully to the specification above referred to, by stating that on the last adjourned day prior to that on which the case was tried (which was the 20th November), at 4 P. M., the parties again appeared, and at the request of the defendants the case was again held open to 4 P. M., on the twenty-first November, the plaintiff consenting, and that on said twenty-first at 4 P. M., the plaintiff appeared by his attorney, Quincey Van Voorhis, and the defendants did not appear. That the cause was then tried and judgment rendered for the plaintiff. The return having been made, the defendant's counsel filed affidavits controverting it in some particulars, and obtained an order of the County Court requiring the justice to amend his return by stating, specifically, as to the truth of the facts stated in said affidavits, so far 'as they controvert the said return, and particularly to state who appeared for the parties respectively on twentieth November. To that order the justice returned by stating that on the twentieth November, at 4 P. M., the justice was at his office, and Mr. Van Voorhis appeared a few minutes before or after that time, and stated that he did not want to wait, and the case was held open till the next morning, to avoid taking judgment against defendants by default. That the next morning Mr. Van Voorhis appeared, and Mr. Harris having been notified, as the justice was informed, declined to appear, and the justice then heard the testimony and rendered judgment. The judgment of the County Court was based upon the statements in the last return. Thus the anomaly was presented of two conflicting returns, the first of which, fully responding to the specification of error in the notice of appeal, showed the judgment before the justice to be regular, and the other, in the opinion of the County Court, showed the judgment to be irregular and void for want of jurisdiction. It appears from the opinion of the county judge, that he thought the amended return, so far as it was responsive to the order directing it, must be taken as true. Why the amended return, rather than the original return, which was responsive to the notice of appeal? No reason is, or can be given. The truth is, the dilemma in which the County

Court found itself, was the result of a clear irregularity in that court. It was irregular to entertain affidavits controverting the original return, and to require the justice to make a further return respecting the matters so controverted as to which his original return was full. The original return should have been taken as conclusive and acted on as true. If false, the remedy was by action. It has been so held in respect to returns to a writ of *certiorari*. (*Haines and ors.* v. *The Judges of Westchester*, 20 Wend., 625.) In *Rawson* v. *Adams* (17 Johns., 130), the rule was applied to the return of a justice upon an appeal to the County Court, under the statute (Laws 1813, ch. 94), as to the particulars which by statute he was required to return. If the return is defective, that is, if it does not fully respond to the specifications in the notice of appeal, it may be required to be amended. (Code, § 362.) But if it is fully responsive, its truthfulness cannot be questioned on the appeal. The contrary practice would lead to interminable controversy and confusion.

The order of the County Court directing an amended return, may be reviewed on this appeal. (Code, § 329.) We think it was irregular, so far as it called for a return as to the truth of the matters in respect to which the original return was controverted by the affidavits; that the amended return, so far as it was in conflict with the original return, should not have been considered by the court; and that as the original return showed that the judgment of the justice was regular, the judgment of the County Court reversing it was erroneous and should be reversed, together with the order for an amended return, and that of the justice affirmed.

If the appellant is prejudiced by this result, he has his remedy by action against the justice, in case his original return was false.

MULLIN, P. J., and TALCOTT, J., concurred.

Ordered accordingly.