## McLachlan vs. McLachlan and others.

Where the testator devised a farm and the stock and farming utensils thereon to his son W. for eight years subject to an annual rent of $50, to be paid to the testator's grandson R., for the use of the farm and the stock thereon, and at the end of the eight years the testator devised the farm to R., upon condition that he settled and resided on the farm, and in case he sold the farm, that the proceeds of such sale should be equally divided among the testator's lawful heirs; and the testator then gave several legacies to be paid by R. in yearly payments, the first payable at the end of one year after the testator's decease; and after the death of the testator, W. took possession of the farm and continued in possession during the eight years, and paid the yearly rent of $50 from time to time as it became due to R. until his death; and R. who died within the eight years had not at the time of his death either taken possession of the farm, otherwise than by receiving such rents, nor paid the legacies; but after his death his father had offered to pay the legacies; *Held*, that an estate in fee in the farm vested in R. on the decease of the testator, subject to the right of W. to occupy it for eight years at an annual rent of $50; and that the condition that R. should settle and reside upon the farm was a condition subsequent, the non-performance of which did not divest the estate previously vested in him. *Also held*, that the legacies were a personal charge on R. in respect to the estate devised, so far at least as the rents of the premises were insufficient to pay the same, and that having accepted the estate devised, by receiving the rents, he was bound to pay off the legacies; and that this personal charge, independent of the provisions of the revised statutes rendering words of perpetuity in a grant or devise unnecessary, was sufficient to give R. an estate in fee in the premises.

Where the condition which is to divest an estate becomes impossible, by the act of God, the condition is discharged.

Where a testator in his will devises lands to a devisee in fee, and then gives several legacies to be paid by such devisee, and the devisee survives the testator and then dies, his personal estate is the primary fund for the payment of such legacies.

April 5. THIS was a bill for partition. D. McLachlan, the father of the complainant and of the defendant John McLachlan, and the ancestor of the other defendants, died in August, 1829, seized in fee of the premises in question, being a farm of 102 acres in the town of Charlton. By his will he disposed of his real and personal estate as follows: " The farm of one hundred acres in Charlton which is now occupied by my son William, together with the two acre

lot adjoining the same, I leave in possession of my son William to be used and occupied by him for and during the whole term of eight years after my decease, subject to a rent of $50 a year to be paid and applied as hereafter mentioned. And at the end of the said eight years, I give and bequeath the whole farm, together with the two acre lot, to my grandson Robert, son of John and Anna McLachlan, subject to the condition hereafter mentioned ; that is, in case the said Robert shall settle and reside on the farm, but in case he shall at any time alienate or sell it, then the proceeds of this sale to be equally divided among my lawful heirs. To my son John I give $100 ; to my son Peter $100 ; to my son Daniel, $50 ; to my grandson Peter Carmichael, $50 ; to my granddaughter Jane C., $50 ; to my son William, $100 ; to my son Alexander, $50 ; and to my son James, $50. The above legacies to be paid by my grandson Robert in the manner following : to the first in the order mentioned one year from my decease, and to the second at the end of two years, and so on in yearly payments until the whole is paid. And as to the stock and utensils, with the other articles of personal property now on the farm, I give the use of it to my son William during the eight years he is to occupy the farm ; then he is to leave the same in value on the farm, for the use of my grandson Robert, as is now put into his use. My son William shall also pay to my grandson Robert for the use of the farm and stock during the term of eight years, $50 a year, to be paid at the end of each year." The testator further directed that William should not dispose of the use of the farm during the eight years to any other than one of his brothers ; and in case he should lease the premises to any other family, Robert the grandson should have the right to come into immediate possession. And he appointed his sons William and James his executors.

Immediately after the death of the testator the complainant took possession of the two acre lot, and of the personal property mentioned in the will, and continued in possession of the same and of the residue of the farm during

1842.

McLachlan
v.
McLachlan.

the whole term of eight years; and paid the yearly rent of $50 therefor to Robert from time to time as it became due, until the death of the latter. Robert the grandson died the latter part of May, 1837, a short time before the expiration of the eight years, intestate and without issue; leaving his father John McLachlan his heir at law. At the time of the death of Robert he had not paid the legacies, nor taken possession of the premises in question otherwise than by receiving the $50 annually for the use thereof, from time to time, as it became due. But after his death his father and heir offered to pay the legacies, as directed by the testator, if the legatees would admit his title to the farm. This they refused to do; the complainant and others insisting that by the death of Robert before the expiration of the eight years, and before he had taken the actual possession of the farm and resided thereon, the title had vested in the heirs at law of the testator, subject to the right of the complainant to the use of the same during the residue of the eight years according to the terms of the will.

*D. Wright*, for the complainant.

*J. Lansing*, for the defendant, John McLachlan.

*J. Sternbergh*, for the infant defendants.

THE CHANCELLOR. The principal question in this case is whether the condition annexed to the devise to the testator's grandson Robert, that he should settle and reside on the farm, was a condition precedent to the vesting of the estate; or was a condition subsequent, the non-performance of which was to divest an estate to which he was previously entitled under the will. Taking the whole provisions of the will together, I have no doubt that the testator intended to give to his grandson an immediate interest in the farm, and in the personal estate, farming utensils and stock thereon; subject to the interest therein of his son William for the

1842.

McLachlan
v.
McLachlan.

eight years in the nature of a lease for that term reserving an annual rent to the grandson of $50. He in terms calls the annual sum to be paid to Robert, for the use of the farm, a rent. And he undoubtedly intended it should be paid to Robert to enable him with that, and whatever more was necessary for the purpose to be raised by his own exertions, to pay off the legacies ; all of which, except the legacy to James, would become payable at or before the expiration of the leasehold interest of the complainant in the property.

The legacies were a personal charge upon the grandson in respect to the estate devised, so far at least as the rents of the premises were insufficient to pay the same ; and this was sufficient to give him an estate of inheritance in the premises. Having accepted of the estate devised, by the receipt of the rent reserved to him, as it became due and payable, he was bound to pay off the legacies charged upon him personally, although they were more than the amount of the rent. And the testator could not have intended to charge the grandson, who appears to have been the principal object of his bounty, with the payment of $150 out of his own funds during the first three years, and then that his heirs should receive no equivalent therefor in case of his death. Upon the settled principles of law on this subject, even before the revised statutes had rendered words of perpetuity in a grant or devise unnecessary, this must be considered as a devise of an estate of inheritance.

An estate in fee in the farm having vested in the grandson at the death of the testator, subject to the right of William to occupy the farm for eight years at an annual rent of $50 to be paid to such grandson, the estate was not divested by the non-performance of the condition subsequent, that the devisee should *settle and reside on the farm*, at the end of the eight years or upon the sooner termination of William's interest therein. For it is a settled rule of law that where the condition which is to divest an estate becomes impossible by the act of God, the condition is discharged. (*Covent. Read. Ed. of Coke*, 206, (*a*). *Pey-*

Vol. IX. 68

*ton* v. *Bury*, 2 *Peer Wms.* 626. *Thomas* v. *Howell, Skin. Rep.* 301, 319.) The whole farm, therefore, belongs to the defendant John McLachlan, as the heir at law of his son the devisee ; subject in equity to the payment of the legacies, if the personal estate of the devisee is not sufficient to pay the same.

This bill is not properly framed for the purpose of a decree for the payment of the legacies. It is strictly a bill for partition, although the fact that Robert, the grandson of the testator, died without paying the legacies is incidentally mentioned. Besides, the personal estate of Robert McLachlan is the primary fund to pay those legacies, and his administrator is not before the court. It also appears that he left personal estate. For the complainant states in his bill that the stock, farming utensils and other property, which were to be left on the farm by him at the end of the eight years, are still in his hands. The bill must therefore be dismissed, with costs to such of the defendants as have appeared and answered ; leaving the legatees or their representatives to take such proceedings for the recovery of their legacies as they may think proper, if the personal representative or the heir at law of Robert does not voluntarily pay the same.