1842.

Farmers' Loan
and Trust Co.
v.
Seymour.

---

## The Farmers' Loan and Trust Company *vs.* Seymour and others.

## Van Buren *vs.* The Farmers' Loan and Trust Company and others.

Where a suit abates by the death of one of several defendants, it is not necessary in a simple bill of revivor, by the complainant, to revive the suit against the representatives of the decedent, to make the surviving defendants parties to such bill. And the same principle is applicable to a supplemental bill in the nature of a bill of revivor, to revive or continue the suit against the devisee or assignee of one of the orignal defendants.

In a bill of revivor, or a bill in the nature of a bill of revivor, filed by a person who was not a party to the original suit, all the surviving parties to such original suit who have any interest in the further proceedings

to be had therein, must be made parties; either as complainants or as defendants.

Where a supplemental bill is filed for the mere purpose of bringing a new party before the court upon the original facts before appearing upon the record, it is only necessary to make him a defendant in such bill. But if a supplemental bill is filed for the purpose of bringing new facts before the court, all the other parties in the original bill should be parties to the supplemental bill.

Defendants in a foreclosure suit who have claims upon the equity of redemption merely, and who have no interests adverse to the claim of the complainant, will not be permitted to delay his proceedings to obtain satisfaction of his mortgage, by a litigation of their claims to the equity of redemption as between themselves.

To authorize a stay of proceedings in a foreclosure suit, upon the filing of a cross bill by one or more of the defendants in the original suit, the complainants in the cross suit must satisfy the court that such stay of proceedings, until they can litigate their claims against their co-defendants in the original suit, upon such cross bill, is absolutely necessary to the protection of their rights.

1842.

Farmers' Loan
and Trust Co.
v.
Seymour.

THIS case came before the court upon the petition of A. & J. Van Buren, two of the defendants in the original suit and the only complainants in the cross bill, to open the order to close the proofs in the first entitled cause, and to stay the proceedings therein till the defendants in the cross bill had answered the same, and for such order in relation to the supplemental bill filed by The Farmers' Loan and Trust Company as should be just. The original bill in the first entitled cause was filed in 1839, to foreclose a mortgage, executed by Seymour and wife, to the complainants in that cause, conditioned for the payment of $20,000 and interest, the payment of which was also secured by the bond of Seymour and of G. B. Throop, N. Garrow and R. Steele, guarantied by the bond of J. Porter and others ; also another mortgage executed by G. B. Throop and wife to the complainants, conditioned for the payment of $7500 and interest, secured by the bond of the same individuals and guarantied by the same persons as the first mortgage ; also a third mortgage executed by Garrow and wife to the complainants, conditioned for the payment of $15,000 and interest, secured and guarantied by the bonds of the same persons ; and a fourth mortgage executed by Steele and

April 5.

wife to the complainants, conditioned for the payment of $17,500 and interest, secured and guarantied by the bonds of the same persons. To this bill the mortgagors, and the makers of the several bonds securing or guaranteeing the payment of the mortgage money, except Porter who had died insolvent and intestate, were made parties. The bill also alleged that A. & J. Van Buren and a great number of other persons and some corporations, as well as the widow and heirs of Porter, had or claimed to have some right or interest in the mortgaged premises, as mortgagees, judgment creditors, or otherwise ; and such persons and corporations were also made defendants. Most of the defendants suffered this bill to be taken as confessed. The defendants A. & J. Van Buren, however, put in an answer, admitting in substance the execution of the several bonds and mortgages and the other allegations in the complainants' bill, but setting up an equitable claim to one tenth of the mortgaged premises, under an agreement with the associates for whose benefit the mortgaged premises were purchased and held in the names of the several mortgagors, and the payment of their portion of the purchase money except what was still due to J. B. Dill, on account of the purchase from him. And these two defendants in their answer insisted that the amount due on the several mortgages should be raised by the sale of the other nine-tenths of the mortgaged premises, and by a resort to the personal liability of those who had joined in the bonds and guarantied the payment of the moneys loaned by the complainants to the other associates, before selling that tenth thereof which belonged, in equity, to these defendants. They also filed their cross bill setting forth the same facts, and praying similar relief, and also praying for a partition of the mortgaged premises between them and the other associates ; in which cross bill the complainants in the original suit and the mortgagors and their wives and the other associates, except Porter and his widow and heirs, and J. B. Dill were made defendants.

The original cause being in readiness to take testimony therein, as against all the defendants who had not suffered the bill to be taken as confessed, an order to produce proofs was entered by the complainants and served upon the solicitors of the several defendants who had answered, on the 6th of February, 1841. Shortly afterwards the defendant Garrow, who had suffered the original bill to be taken as confessed and had not answered the cross bill, died insolvent and intestate ; having before his death, and after the filing of the cross bill against him, conveyed and assigned all his estate real and personal to T. Y. How and J. Seymour, in trust for the payment of his debts. The complainants in the original bill thereupon, under an order of the court obtained for that purpose, filed a bill in the nature of a bill of revivor and supplement, for the purpose of reviving and continuing the proceedings against the assignees of Garrow ; to which bill such assignees were made parties defendants. And the complainants in the cross suit filed a similar bill to revive and continue the proceedings in that suit, to which they made the surviving defendants in the cross suit as well as the assignees of Garrow defendants.

*J. Van Buren*, for the complainants in the cross suit.

*C. Stevens*, for the Farmers Loan and Trust Company.

THE CHANCELLOR. Two questions are presented for the consideration of the court in this case. *First :* Whether the complainants in the original suit were regular in reviving the proceedings against the assignees of the decedent Garrow, without making all the surviving defendants in the original suit parties to the bill in the nature of a bill of revivor and supplement. And *secondly :* Whether the complainants in the cross bill are entitled to an order to stay the proceedings in the foreclosure suit until all the defendants in the cross suit and in the bill filed to revive and continue the proceedings in that suit against the as-

1842.

Farmers' Loan
and Trust Co.
v.
Seymour.

signees of Garrow, have answered; so that both causes may be heard and decided at the same time.

Upon the question of proper parties to a bill to revive or continue the proceedings, upon the death or change of parties to an original bill in this court, there seems to be some conflict of opinion among practitioners. I have therefore thought it necessary to examine the subject fully, for the purpose of ascertaining the true rule on the subject.

Where the abatement of a suit is caused by the death of one of several defendants, and the suit is revived by the complainant in the original suit, it appears to be only necessary, in a simple bill of revivor, to bring the representatives of the decedent before the court; without making the surviving defendants parties to such bill. (3 *Dan. Ch. Pr.* 211. *Lube's Eq. Pl.* 144. 11 *Ves. Rep.* 308. 1 *Eq. Ca. Abr.* 4, *pl.* 3.) So in the case of the death of one of several complainants, if the survivors are in a situation to entitle them to revive and continue the suit against his representatives, by making them defendants in a bill of revivor, Smith says it is not usual to make the other defendants parties to such bill. (1 *Smith's Prac.* 394.) In this last case, however, Daniel appears to suppose that the original defendants in the suit, as well as the representatives of one of the complainants as to whom the suit has abated, should be parties to the bill of revivor filed by the surviving complainants. (*See* 3 *Dan. Ch. Pr.* 211.) Without stopping to inquire which is right in the particular case supposed, it appears to be perfectly well settled that when a bill of revivor or a bill in the nature of a bill of revivor is filed by any one who was not a party to the original suit, either as the representative of a deceased party, or otherwise, all the other parties to such original suit who have any interest in the further proceedings therein should be made parties to such bill, either as complainants or defendants. (*Fallowes* v. *Williams*, 11 *Ves. Rep.* 306. *Heines* v. *Day and another, Cary's Rep.* 78. 3 *Dan. Ch. Pr.* 210. *Lube's Eq. Pl.* 144.)

The same rule which applies to a simple bill of revivor

against the representatives of one of several defendants, appears to hold in the case of a supplemental bill in the nature of a bill of revivor, to bring the devisee or assignee of the original defendants before the court. In *Jones* v. *Jones*, (3 *Atk. Rep.* 217,) where the objection was made that the complainant in such a bill had not made the defendants in the original bill parties, Lord Hardwick held that it was not necessary to make them parties, and that those defendants could not, upon the hearing, object for want of parties. And in the very recent case of *Clough* v. *Bond*, decided by the vice chancellor of England on the 15th of December last, (6 *Lond. Jur. Rep.* 49,) where a supplemental bill was filed to bring the representative of a deceased party before the court, and it was objected that the other defendants were not made parties to such supplemental bill, his honor said, " If a supplemental bill be only for the purpose of bringing a party before the court upon a given case, it is sufficient to make that individual alone a party, without making the other defendants parties thereto ; but if the supplemental bill be filed to bring new facts before the court, then the old defendants to the record must also be made parties to the supplemental bill." And that in the case then under consideration, the new defendant who was brought before the court by the supplemental bill was made a party in respect to the antecedent facts upon the record against T. R. Dixon whose representative she was. (*See also Bignall* v. *Atkins, Mad. & Geld. Rep.* 369 ; *Ensworth* v. *Lambert,* 4 *John. Ch. Rep.* 605 ; *and Greenwood* v. *Atkinson,* 5 *Sim. Rep.* 419.)

In the case now under consideration, this supplemental bill in the nature of a bill of revivor is filed for the sole purpose of reviving and continuing the proceedings in the original suit which had become abated by the death of the defendant Garrow, against his assignees who had become such pendente lite, and for the purpose of having a decree of foreclosure and sale of the mortgaged premises upon the case made upon the original bill merely, and not upon any new facts brought before the court by this supplemental

1842.

Farmers' Loan and Trust Co. v. Seymour.

bill in the nature of a bill of revivor. I am not able there-fore to distinguish it from the case of *Jones* v. *Jones*, decided by Lord Hardwick in 1745, to which I have before referred. Were this a new question, I confess I should be inclined to decide that in a bill of revivor, or a bill in the nature of a bill of revivor, to bring the heirs or devisees, or the grantees pendente lite of a deceased defendant before the court, all the surviving defendants in the original suit who had an interest in having the proper representative of the decedent before the court upon the hearing and decision of the cause, should be made parties to such bill ; so as to give them an opportunity to object by plea or answer, if necessary, that the person attempted to be brought befor the court as the representative of the deceased defendant was not in fact such representative, and had not succeeded to his rights in the subject matter of the litigation. And if the wrong person is brought before the court as the representative of the original interest of the decedent, some way must still be provided by which the surviving defendants who have an interest in that question may have the mistake corrected. But considering the great expense and delay it might cause to suitors in this court, to require that, upon every change of the interest of a defendant, by death, bankruptcy, or otherwise, by which the suit becomes abated or defective as to him, all the other defendants should be made parties to the bill to revive or continue the proceedings against the person who had succeeded to his rights, I do not feel authorized to change the rule of pleading which I find to exist on this subject.

Upon the present application there is no ground for the interference of the court on the subject ; as it appears by the bill which the applicants have themselves filed to revive and continue their proceedings in the cross suit, that the complainants in the original suit have revived that suit against those to whom Garrow assigned all his interest in the mortgaged premises a short time before his death. And if, as has been subsequently suggested, Garrow had in fact assigned all his interest in the mort-

1842.

Farmers' Loan
and Trust Co.
v.
Seymour.

gaged premises before the commencement of this suit, to one of the other defendants therein, the rights of that defendant will be protected at the hearing in the same manner as they would have been if Garrow was still alive. For the new parties brought before the court as having succeeded to his rights, sit in the seat of the assignor as to his interest in the premises. The order entered by the complainants in the original suit to close the proofs was therefore regular ; and as an arrangement has been made between them and the complainants in the cross suit, to save the interference of the court in the case, in granting the application as a mere favor, the motion to open or vacate that order is denied.

The object of the cross bill, so far as the complainants in the original bill are concerned, is to delay the mortgagees in the collection of their debts until the equitable claims between the complainants in the cross bill and some of the other defendants in the original suit can be ascertained and settled by a litigation between themselves. By the former practice of this court the complainant in a foreclosure suit, although there was no question as to his lien upon the mortgaged premises and his right to a foreclosure and sale thereof for the payment of his debt, could not obtain a decree of sale until the conflicting claims of the other parties to the suit, upon the equity of redemption, were adjusted and settled. (*Renwick* v. *Macomb & Pell, Hopk. Rep.* 277.) The result of such a practice generally was that the mortgagee was greatly delayed in the collection of his debt, by a useless litigation between the defendants in relation to surplus moneys which might be produced upon a sale of the mortgaged premises, before it was ascertained whether there would be any thing raised upon such sale, beyond the amount of the complainants' debt and costs. The 132d and 136th rules of the court, which were adopted 1st of January, 1830, were intended to change the practice in this particular. Since which time defendants whose claims are upon the equity of redemption merely, and who have no interest in the mortgaged premises adverse to the complain-

ants' claim, are not permitted to delay his proceedings by a litigation of their claims to the equity of redemption with their co-defendants. (*The Union Insurance Company* v. *Van Rensselaer*, (4 *Paige's Rep.* 85.) To authorize the court to interfere in such a case to stay the proceedings of the mortgagee, either upon the filing of a cross bill by one or more of the defendants in the foreclosure suit or otherwise, such defendants must be able to satisfy the court that a stay of the proceedings, until they can litigate their claims as between them and their co-defendants, is absolutely necessary to the protection of their rights.

In the case under consideration, I see nothing to take it out of the general rule on the subject. The defendants A. & J. Van Buren do not deny that the legal titles to the mortgaged premises were in the respective mortgagors at the time of the giving of the several bonds and mortgages set forth in the bill of foreclosure. Nor is it alleged that the mortgagees, at the time they took these securities and loaned the moneys upon the faith of the same, had any notice of the supposed equities upon which the cross bill is founded; if the complainants in that bill have in fact any equitable interest in the mortgaged premises as real estate under the provisions of the revised statutes relative to uses and trusts. In the present state of the proceedings, and without hearing the counsel of all the parties who may be interested in the decision of the question, it may not be proper to express any opinion, whether the associates other than those in whom the legal title was vested took an estate or interest in the land itself, or only an interest in the moneys arising from a sale thereof, under the several contracts and agreements of 1835, set forth in the cross bill. Whatever may be the equities of the original associates, or those who have succeeded to their rights, as between themselves, I do not see that any positive injustice can be done to either of them by permitting the mortgagees to proceed and obtain the usual decree of foreclosure and sale; leaving the surplus proceeds of such sale, if any, to be distributed among the de-

fendants according to their equitable rights or interests therein, upon an ordinary reference under the 136th rule. Or if the bill filed by some of the defendants, called a cross bill, is in the proper form to enable the court to settle the claims to the surplus moneys as well as the personal claims of the original associates, or of those who have succeeded to their rights, between themselves according to equity, the proper decree may be made upon that bill when it is in readiness for hearing.

The motion to stay the proceedings in the original suit, so that such suit and the suit upon the cross bill may be heard together, must therefore be denied with costs. But upon the hearing of the foreclosure suit any of the parties who have appeared therein are to be at liberty to ask for such provisions to be inserted in the decree, not inconsistent with the rights of the mortgagees, as may be deemed necessary to protect the rights of the defendants, as between themselves, in any subsequent litigation relative thereto.