JOSEPH TOWNER vs. LOUISA TOOLEY, adm'x &c., and others.

A testator, after making provision, in his will, for his wife, and giving legacies to eight of his children, ordered and directed that his son, R., should pay the legacies; and to reward him for doing so, the testator bequeathed to R. all his personal property not given to his wife, and all his freehold property in the town of M. subject to a life estate of the testator's wife in one third part of it. The residue of his real estate he gave to all his children equally. *Held* 1. That the legacies were an equitable charge on the land devised to R. 2. That R. having accepted the devise, was personally liable for the legacies. 3. That the personal estate not only of the testator, but of R., must be first exhausted, before resort could be had to the real.

The executrix named in the will having renounced, R. became the administrator of the testator, with the will annexed. All of the personal property of the testator passed into his hands, and he converted the same to his own use and died insolvent, without having paid the legacies. In an action brought by a legatee, upon R.'s administration bond, to recover the amount of his legacy; *Held* that there was no necessity for an account by the defendants, so as to justify a resort to equity on that ground.

*Held, also,* that but a single suit was necessary, in order to enable all the legatees to recover their legacies, which suit should be in behalf of all who might choose to come in; that as the legacies were or might be a charge on the real estate, the owners of the land should be parties defendants; and that all the obligors in the administration bond given by R., or their representatives, should also be parties defendant. ALLEN, J. dissented.

APPEAL from an order of the special term, overruling a demurrer to the complaint.

The complaint contained three counts. The facts alleged in the complaint are stated in the opinion of the court. The administratrix of Fimbria Tooley, and George Thomson, administrator of Richard Tooley, two of the defendants, demurred to the whole complaint, and assigned seven grounds of demurrer: 1. That the surety of an administrator on his bond cannot be joined with the administrator or his representative, nor with the administrator of the original testator, in a suit to compel an accounting, but an accounting and a decree against the administrator, and an order to assign or prosecute, are conditions precedent to the maintenance of a suit against the parties on their bond. 2. That Louisa Tooley is improperly joined as a party defendant with the de-

fendants Thomson and J. Tooley, as the complaint on its face shows that there are no assets remaining of J. Tooley, senior, and Richard Tooley died insolvent, and no property remains from which a judgment could be collected. 3. There is a defect of parties. All the legatees, and the husbands of such as are married women, should be made parties defendant. 4. The duty of paying the legacies was, by the will, imposed on Richard, the devisee and legatee, and not on the executor or other representatives of the executor, and hence Richard was not liable on his bond for any breach of duty as administrator, nor were his sureties ever liable on the bond. 5. The complaint is multifarious, and embraces causes of action which cannot be united, being partly legal and partly equitable. 6. The whole cause of action is barred by the statute of limitations. 7. An accounting and decree of the surrogate are conditions precedent to an action on the bond.

These grounds of demurrer present the questions discussed by the justice delivering the opinion.

*P. Gridley*, for the appellants.

*O. S. Williams*, for the respondent.

MULLIN, J. This action is brought to recover of the defendants, as administrators, the amount of two legacies bequeathed by Jeremiah Tooley, deceased, to his daughters Florilla and Hannah. The plaintiff is the husband of Florilla, and claims to recover her legacy, as owner, by virtue of his marital rights, and Hannah has assigned to him her right of action for her legacy. There are two counts in the complaint, one on each legacy. They are alike, except in the allegation relating to the right in which the plaintiff claims to recover. By the will of the testator provision is first made for his wife, then legacies are given to eight of his children, and lastly he orders and directs that his youngest son, Richard, pay or cause to be paid all and every of the above sums

Towner *v.* Tooley.

to each individual above named, in three equal annual payments, after his decease.   And to reward Richard for making such payments, he bequeathed unto him all his personal property not given to his wife, and all his freehold property in the town of Marshall, subject to a life estate of his wife in one third part of it, and the residue of his real estate he gave to all his children equally.   The widow was appointed executrix of the will.   She declined to accept the trust, and the son Richard was appointed administrator with the will annexed, and gave a bond in the penalty of $3000 on his appointment, with two sureties, with the condition therein that if he faithfully executed the trust and obeyed all orders of the surrogate of the county of Oneida, the same should become void.   Enos Austin and Fimbria Tooley were the sureties in said bond.

Richard took possession of the personal property, after his appointment, and administered as aforesaid.   In 1850 said Richard died, in the county of Oswego, leaving a widow, who afterwards married the defendant Thomson, and the latter in right of his wife was duly appointed administrator of the goods &c. of said Richard, by the surrogate of Oswego county.

Fimbria Tooley, one of the sureties, died in 1855, and in 1857 the defendant Louisa Tooley was duly appointed his administratrix, by the surrogate of Oneida county.   Enos Austin, the other surety, died in 1843, and in 1845 there was a final settlement and accounting and distribution of his estate by and before the surrogate of Oneida.   After the death of Richard Tooley, the defendant Jeremiah Tooley was appointed administrator of that part of the estate of Jeremiah left unadministered by said Richard.

It is charged in the complaint that Richard died insolvent. That nothing remains of the estate of Jeremiah, deceased, which the present administrator can reach, nor can he obtain any thing from the estate of said Richard, although he died largely indebted to the estate of said Jeremiah.   Richard did not pay the said legacies, nor did he account before the surrogate as such administrator, by reason whereof the con-

dition of said bond has been broken. The complaint prays for an accounting and settlement touching the estate of Jeremiah Tooley, deceased, and of the estate of Richard, deceased, and a judgment declaring the liability and indebtedness of said Richard as administrator, and of his estate and personal representatives, to pay said legacies, and that there be a judgment that the defendant Louisa, as administratrix of Fimbria Tooley, surety as aforesaid, pay said legacies. The defendants demur to the complaint, and to each count or cause of action, on seven distinct grounds.

One of the principal grounds of demurrer is that the duty of paying the legacies is imposed on Richard as devisee, not as administrator with the will annexed, and he was never liable as administrator, on his bond; especially when there were no assets in the hands of the administrator when suit was brought. That neither Richard nor the administrator of the surety is liable on the bond. If the defendants are right in this proposition it disposes of the case and renders further examination unnecessary.

In *Harris* v. *Fly*, (7 *Paige*, 421,) the testator gave to his son his farm in fee, subject to a life estate devised to his wife. He gave legacies of $1000 each to his two daughters, to be paid them by his son, the devisee of the farm. The testator appointed his son and two others executors, and authorized them to dispose of so much of his personal property as was necessary to pay his debts, and expenses of administration. The will concludes as follows : " And finally, all the rest and residue of my estate and effects real and personal, not hereinbefore mentioned or otherwise effectually disposed of, after payment of all my debts, legacies and personal expenses and other charges and deductions as aforesaid, I give and devise unto my son Aaron." Aaron was the devisee of the farm. The chancellor says : " the testator does not in terms create an equitable charge upon the devised premises, for the payment of the two legacies to the daughters. But that was not necessary, as the charge of a legacy upon the real estate

of the testator, either in aid of or in exoneration of the personalty, may be and frequently is created by implication merely. The personal estate is the primary fund for the payment of debts and legacies. * * * * But when the real estate is devised to the person who by the will is directed to pay the legacy, it has frequently been decided that such legacy is an equitable charge upon the real estate so devised, although the devisee is also the executor, or is the residuary legatee of the personal estate, unless there is something in the will itself to indicate a contrary intention on the part of the testator." In *Dodge* v. *Manning* (11 *Paige*, 334) the chancellor held, under a will similar to the preceding one, as he held in 7th Paige, that the legacies were an equitable charge on the land, and also that in such case when the devisee accepts the estate devised to him, he is personally liable. (*See also Mc-Lachlan* v. *McLachlan*, 9 *Paige*, 534; *Dodge* v. *Manning*, 1 *Comst.* 298; 1 *Paige*, 407.)

It was held in *Hoes* v. *Van Hoesen*, (1 *Comst.* 120,) that the general rule is that the personal estate of a testator is the primary fund for the payment of legacies, and a testator is presumed to act upon this legal doctrine, unless a contrary intent is distinctly manifested by the terms and provisions of the will; and that when the personal estate is not in terms exonerated, and is not specifically given away by the will, it will be deemed the primary fund for the payment of legacies, notwithstanding such legacies, by the terms of the will, are expressly charged upon the persons to whom the real estate is devised. The charge upon the devisee in such case will be deemed in aid and not in exoneration of the primary fund.

These cases establish three propositions applicable to the case in hand: 1st. That the legacies for which the action is brought are an equitable charge on the land devised to Richard; 2d. That Richard having accepted the devise, was personally liable for the said legacies; and 3d. That the personal estate must be first exhausted before resort is had to the real.

The personal estate referred to in the last proposition is not

only that of the testator, but of the devisee upon whom or whose land the legacies are charged by the will. (*McLachlan* v. *McLachlan*, 9 *Paige*, 534.)

The plaintiff in this suit does not seek to charge the real estate with the legacies for which he sues, as he might have done, and thus settled the whole question in a single action.

While the personal estate is primarily liable, if the legatee is compelled to resort to a court of equity, it is not only proper but necessary that the bill be so framed that complete justice may be done, and the rights and liabilities of all the parties finally settled in a single suit if it is practicable to do so.

In *Dodge* v. *Manning*, (1 *Comst.* 289,) the devisee who was charged with the payment of the legacies, and the purchasers of the real estate on a sale under a mortgage given by the devisee, after the death of the testator, on the land equitably chargeable with the payment of the legacies, were parties defendant, and the court of appeals ordered judgment against them, charging the lands purchased by them with the payment of the legacies and costs, so far as there might be a deficiency after the remedy against the devisee was exhausted.

Although the defendant is right in his position that the land devised to Richard Tooley is, in equity, chargeable with the payment of the legacies, yet it is not true that the remedy of the plaintiff is confined to the land. The personal estate bequeathed to him, and his own personal estate, are primarily liable, and must be exhausted before resort can be had to the real. (*McLachlan* v. *McLachlan*, 9 *Paige*, 538.)

It was competent for the plaintiff to have united the purchasers of the real estate as parties defendants, but he was not obliged to do so. Whether he can hereafter resort to the owners of the land, is not necessary now to inquire. It is enough that he is right in attempting to reach in the first instance the personal estate. The personal estate of Jeremiah Tooley, the testator, is first liable. That property, it

is alleged in the complaint, all passed to Richard, who afterwards became administrator with the will annexed, and it was sufficient in amount to pay the debts and legacies as alleged in the complaint. But it is further alleged that there is none of that personal estate to be found; that Richard converted it to his own use and then died insolvent. This being so, what necessity is there for an account? The total want of assets must relieve the administrators of both the estates of Jeremiah and Richard from the expense and trouble of a useless litigation. In *Hoes* v. *Van Hoesen*, (1 *Comst.* 120,) there was a reversionary interest in personal estate, which the court held must be resorted to and exhausted before the real estate could be charged; and a reference was insisted upon to take an account to ascertain whether the debts and legacies would exhaust it. But Judge Jewett, declaring the opinion of the court, says: "If the case was such that it could not be seen without a reference that they would exhaust it, an account in the event mentioned should be taken. But there is no room for any doubt on that question." And after showing that the legacies were more than sufficient to exhaust the personal, he adds: "There is not the least ground appearing in the case rendering it proper or necessary for such reference."

In *Dodge* v. *Manning*, (*cited supra*,) the chancellor, after holding that the personal must be exhausted before resort to the real, says: "As it appears from the inventory that the testator left personal estate sufficient to pay the legacy, the complainant was bound to show that this personal estate was exhausted in the payment of debts of the testator, or that those who were accountable for it were irresponsible, before she (the legatee) could resort to the real estate in the hands of those claiming under the mortgage executed by the devisee."

It is shown in this case, by the complaint, that the personal estate of Jeremiah Tooley is consumed, and that the party liable for it is insolvent, and thus a case is made which would justify a resort to the real estate. So far then as an

Towner *v.* Tooley.

accounting is relied upon as furnishing a ground for resort to equity, it seems to me the complaint itself admits it away. But it may be said that the bond stands in the place of the personal, and that within the cases cited the plaintiff must exhaust his remedy against the parties to the bond, and that this action is properly brought to recover against those parties. The defendants' counsel insists, however, that Richard Tooley received the property as devisee and legatee and not as administrator, and that the bond is therefore void. The will makes no provision for the payment of either debts or funeral expenses, and hence the appointment of an administrator (the executrix remaining) became necessary, and under the statute the administrator could not be appointed unless he gave a bond. We must assume, I think, that Richard received the property as administrator, and that his bond was a valid and operative instrument, at the time of its delivery to the surrogate.

The case then stands thus: the bond is valid; the principal is dead and his estate insolvent. Both of the executors are dead; the estate of one is distributed, and neither administrators nor next of kin are made parties; the administrators of the insolvent principal and of the other surety are before us. Under these circumstances, can this action be maintained without bringing in other parties? In *Story's Eq. Pl.* 138, it is said if the obligee of a bond to which there are other parties, the principal obligor being dead, were to seek by bill in equity the full payment of the bond from the sureties, all the sureties must be joined. But if he should seek only for his proportion, from one surety alone, the same objection might not apply unless the absence of the other parties might be a prejudice to him. In *Bland* v. *Winter*, (1 *Sim. & Stu.* 247,) it was held that to a bill filed by an obligee of a joint and several bond, for payment of his debts, all the obligees must be made parties. The action, in that case, was brought against the executor and grantee of the surety only, to set aside the conveyance of certain

lands to him as fraudulent. The assets being insufficient, objection was made that the principal was not joined, and the case was disposed of as above stated. In *Cockburn* v. *Thompson,* (16 *Vesey,* 326,) it was said by the lord chancellor that the plaintiff, suing upon a joint and several bond, must bring forward all the obligors, principals and sureties, but the rule is dispensed with when it appears that the sureties are insolvent. (*Cuddeback* v. *Kent,* 5 *Paige,* 92.)

It was held in *Valentine* v. *Farrington,* (2 *Ed. Ch. R.* 53,) that when the bond is joint and several it is only necessary to make the surviving obligor a party ; citing *Haywood* v. *Ovey,* (16 *Mad. Ch. Rep.* 113,) *Bland* v. *Winter,* (*cited supra,*) and *Edwards on Parties,* 99–102. The last two authorities do not sustain the position of the learned vice chancellor. On the contrary, the case of *Bland* v. *Winter* is directly against him, and the cases cited in *Edwards on Parties* are quite clearly against him.

There is an obvious propriety in requiring all the obligors in a bond to be brought in who are able to respond to the plaintiff. It avoids circuity of action, and enables the court to settle the rights, not only of the plaintiff and defendants, but of the defendants among themselves. It seems to me, therefore, that those parties who represent the other surety, or who are liable to contribute toward his share of the debt, are necessary parties in this suit. To avoid misapprehension, I repeat that upon the allegations of the complaint, I consider the estate of Jeremiah and Richard Tooley, and their administrators, to be out of the case, both being insolvent, and that this must be deemed to be an action in equity to enforce the bond against the obligors therein. Being so treated, I am of the opinion that those representatives or persons taking the estate of the co-obligor, Austin, are necessary parties to the suit.

It is insisted by the defendants' counsel that all the legatees named in the will should be parties plaintiff, or that the complaint should be filed on behalf of the plaintiff and all

Towner *v.* Tooley.

other legatees who may choose to come in. The personal estate being the primary fund for the payment of debts and legacies, and as the bond is all that remains to pay these charges, the legatees can only demand such portion of the amount due on the bond as shall remain after paying the debts. It follows that if one of the creditors or legatees may sue alone for his debt or legacy, the obligor may be compelled to pay much more than the penalty of the bond, and be ruined in the litigation, by the vast number of suits to which he might thus be subjected. To avoid these results, the court of chancery has required either that all those interested in the fund should join, or that one suit should be brought for the benefit of all. (*Edwards on Parties,* 136, 137. *Brown* v. *Ricketts,* 3 *John. Ch.* 555. *Pritchard* v. *Hicks,* 1 *Paige,* 273.)

The general rule is that one legatee may sue alone for his legacy. But when the assets are not sufficient to pay all, then all interested in the fund should be made parties, or the suit prosecuted for their benefit, (*Story's Eq. Pl.* 107–109 ;) or if the legatees prosecute severally, the court will permit but one to be prosecuted, and allow all to come in under the decree. (1 *Paige,* 416.) And when the object of the suit is to charge the legacies on the real estate, all the legatees must be parties. (*Hallett* v. *Hallett,* 2 *Paige,* 15.)

For the reasons suggested, I am of the opinion the demurrer is well taken. Without assuming to decide what the form of action in this case should be, or who should be parties, it may be proper to state the conclusions to which we have arrived in the examination of the case. They are: 1. That but a single suit is necessary in order to enable all entitled to shares of the fund to recover such shares, which should be in behalf of all who may see fit to come in. 2. That as the legacies are or may be a charge on the real estate, the owners of it should be parties defendant, so that a decree may pass against them, in case of the personal being insufficient to pay all the legacies. 3. All the obli-

gors in the bond, or their representatives, should be parties defendant. Without examining the other grounds of demurrer, we are. of the opinion that the order overruling the demurrer must be reversed.

MORGAN, J. concurred.

ALLEN, J. dissented.

Order reversed.

[ONONDAGA GENERAL TERM, July 2, 1860. *Allen, Mullin* and *Morgan* Justices.]