WATSON M. ROGERS, AS EXECUTOR, ETC., RESPONDENT, v. GEORGE IVERS, FRANCES M. FOX, JOHN M. FOX AND JEREMIAH BAUDER (PURCHASER), RESPONDENTS, AND ALEXANDER KANNADY, APPELLANT.

*Foreclosure of mortgages — a judgment creditor may attack the validity of conveyances, upon a reference for distribution of surplus money — when one defendant cannot establish the validity of his lien as against a defaulting co-defendant.*

On March 15, 1877, the defendants John M. Fox and Frances M. Fox, his wife, executed a mortgage upon a farm of 150 acres belonging to John M. Fox to the plaintiff's testator. Thereafter, and on January 16, 1879, Fox conveyed 100 acres of the land, through a third person, to his wife. On February 1, 1879, four judgments were docketed against John M. Fox, one in favor of the defendant Kannady and three others in favor of persons who thereafter assigned them to him. On February fourteenth, another judgment was docketed against him in favor of the defendant Ivers. In this action, brought to foreclose the said mortgage, the defendant Kannady was served with the summons and the usual notice of object of action, but did not appear or answer. The defendant Frances M. Fox answered and asked that the 100 acres conveyed to her be sold last, and the defendant Ivers answered alleging that the conveyance to her was fraudulent as against creditors. Upon a trial had before a referee he directed a judgment to be, and the same was, by a stipulation of the attorneys, entered, directing a foreclosure of the mortgage and a sale of the premises; that out of the surplus moneys there be paid to Ivers the amount of his judgment and sixty-five dollars costs, and that the balance be paid to Frances M. Fox. No application was made to the court in reference to the entry of a judgment against the defaulting defendant.

Upon an appeal by the defendant Kannady from an order denying a motion to vacate or modify the judgment and set aside a sale had thereunder:

*Held,* that Kannady did not waive his right to contest the validity of the conveyance from Fox to his wife by failing to appear and answer, but was entitled to raise and try that question upon the hearing upon a reference to determine as to the distribution of the surplus moneys.

That as no copy of the answer of the defendants Fox and Ivers had been served upon him, and as he had not appeared or been heard before the referee, and

as the judgment had been entered without any application having been made to the court, the judgment, in so far as it directed the surplus moneys to be paid to Ivers and Fox instead of being brought into court, was irregular and unauthorized.

That the sale should be allowed to stand, but that the defendants Ivers and Fox should be compelled to pay the surplus moneys received by them into court, and that Kannady should be allowed to apply for the appointment of a referee to hear and determine all claims thereto.

APPEAL from an order made at Special Term, denying a motion to set aside or modify the judgment entered in this action, or to order a resale of the mortgaged premises described in the complaint and for other relief.

On the 15th day of March, 1877, the defendant John M. Fox, who then owned a farm of 150 acres of land, and his wife, executed to the plaintiffs' testator a mortgage to secure the sum of $3,500. On the 16th day of January, 1879, Fox, through the medium of a third party, conveyed to his wife, the defendant Frances M. Fox, 100 acres of said farm. January 31, 1879, the defendant Kannady recovered a judgment against the said John M. Fox for $57.07, which was docketed in the Jefferson county clerk's office February 1, 1880, at 9 A. M., and on the same day and hour three other judgment were docketed against the said Fox, which were subsequently assigned to the defendant Kannady; and on the 3d of February, 1879, another judgment was recovered by one Andrus against the said Fox, and assigned to the said Kannady. On February 1, 1879, one George Ivers commenced an action against the said John M. Fox, and at four o'clock in the afternoon of that day, filed a notice of pendency in the Jefferson county clerk's office, stating that an attachment had been issued therein; and thereafter, and on February 14, 1879, Ivers recovered a judgment therein. Thereafter, and on or about March 3, 1879, this action was commenced to foreclose the said mortgage, to which all of the said judgment creditors were made parties and who were all served with the summons and usual notice of the object of action in foreclosure cases. No other notice or paper in the action was ever served on the appellant, who did not appear or answer.

The defendants Francis M. Fox and Ivers answered, the latter alleging that the deed to Mrs. Fox was fraudulent as to creditors; and the

former claiming to have the 100 acres conveyed to her sold last. The action was tried by a referee, who found in favor of the plaintiff and Ivers, and directed a judgment to be entered in accordance with his findings. Thereafter a decree was entered in the action, by agreement between the attorneys for plaintiff, Ivers and Fox, adjudging that Ivers' judgment was a lien on the said premises prior to the deed of Mrs. Fox, and directing a sale of the whole of the mortgaged premises, and that the officer making the sale, after paying the amount due to the plaintiff on his bond and mortgage, and costs, pay to Ivers the amount of his judgment against John M. Fox, with sixty-five dollars costs, and that he pay the remainder of the said surplus to the defendant Frances M. Fox. No application was made to the court in respect to the entry of a judgment against the defaulting defendants. A sale was thereafter had, and the surplus moneys arising thereon were disposed of as directed in the judgment, and never paid over to the county treasurer.

*McCartin & Williams,* for the appellant.

*Stephen R. Pratt,* for the respondents, the defendant Fox, and Bauder, purchaser.

*Porter & Walts,* for the respondent, the defendant Ivers.

*F. Lansing,* for the plaintiff and respondent.

HARDIN, J.:

The Special Term fell into an error in supposing that upon a reference as to surplus moneys that it could not be determined that the conveyance was fraudulently made of the premises from Fox to a third party, and by him to the wife of Fox, and that Kannady, a judgment creditor and lienor, had not a standing to make an attack upon such conveyances as fraudulent upon such a reference. (*Miller* v. *Case,* Clark's Chy., 406, and note of cases there cited; *Bergen et al.* v. *Snedeker,* 9 Weekly Digest, 320; reversing same case as reported, under title of *Snedeker* v. *Snedeker,* 18 Hun, 355; S. C., under title of *Bergen* v. *Carman,* 79 N. Y., 146, opinion of MILLER, J.; *Halstead* v. *Halstead,* 55 id., 445.)

We must, therefore, hold that Kannady, upon a reference to determine as to the application of the surplus moneys arising upon the sale of the mortgaged premises, would be entitled to attack the conveyances as fraudulent, and if successful in the attack have the money paid upon his judgments. It was, therefore, not incumbent upon him to answer, setting up such fraud in the conveyances in order to preserve his right to the surplus moneys as against Mrs. Fox, the fraudulent grantee, nor to preserve his standing as to the Ivers judgment. (*Chautauque Bank* v. *Risley*, 19 N. Y., 375.) He adopted the better practice by suffering a default as to the foreclosure suit, for the plaintiff ought not to be stayed in his foreclosure, when no defense exists to the mortgage, till a determination be had between junior incumbrancers of their respective rights as between themselves. (*Miller* v. *Case, supra ; Mutual, etc.,* v. *Bowen,* 47 Barb., 618 ; *Farmers' L. and T. Co.* v. *Seymour,* 9 Paige, 538; *Eagle. Ins. Co.* v. *Flanagan,* 1 How. Ct. of App. Cases, 311 ; Code of Civil Procedure, § 521.) Nor can we sanction the practice adopted in this case by Ivers. He put in an answer setting up the invalidity of the conveyances, and served notice of his demand for relief upon the plaintiff and upon Fox, but not upon the defendant Kannady. This was a violation of the spirit of section 521 of the Code of Civil Procedure, if not of its letter.

The letter of that section requires a service upon *the attorney* for each of the defendants to be affected by the determination. If Kannady had appeared in this action he would clearly have been entitled to notice and copy of Ivers' answer. But as the question of regularity is not before us, we do not pass upon the construction to be given to the letter of the section. As Kannady was in default, not having served an answer, the judgment could not regularly "be more favorable to the plaintiff than that demanded in the complaint." (Code of Civil Procedure, § 1207.)

If Kannady's judgments were prior to Ivers', and to the levy of his attachment, then he had a statutory lien which the court had no power to divest him of at the instance of the plaintiff, or at the instance of the co-defendants. (*Chautauque Bank* v. *Risley*, 19 N. Y., 375.)

Certainly no such result should be accomplished in the absence of any demand in the complaint of that character, and in the

absence of any notice of any such relief sought by a codefendant. Nor do we think the court had any rightful power to direct the surplus over the plaintiff's mortgage debt to be paid to Ivers and Mrs. Fox. The statute declares that all such surplus moneys "shall be brought into court." (2 R. S., 192, § 159; *Denton* v. *Nanny*, 8 Barb., 620; *Shepard* v. *O'Neil*, 4 id., 126.)

Whatever the effect of the direction contained in the referee's report in violation of the statute just quoted may be, as regards Ivers and Mrs. Fox, or the plaintiff in this action (which we do not determine), we think that it cannot have any effect upon the rights of Kannady. He was entitled to have the surplus arising upon the sale after payment of the plaintiff's mortgage debt and costs brought into court, "subject to the order of the court," and had the right to rely upon that provision of the statute.

It is insisted by the learned counsel for the respondent that it was a matter of discretion whether the judgment should be set aside or modified, or whether Kannady should be turned over to an action, and that the order is not appealable. This position is untenable: (1.) If it was discretionary this court may review the exercise of such discretion. The case of *Beards* v. *Wheeler* (76 N. Y., 213) merely holds that such a discretionary matter is not reviewable in the Court of Appeals. (See, also, 59 N. Y., 315, "Anonymous.") (2.) The judgment, if allowed to stand as entered, might embarrass the remedy in another action by way of an estoppel or bar. (3.) The relief to be given can more expeditiously and orderly be obtained upon motion and by means of a reference in this action. (4.) Besides, as we have before seen, a reference may be used to determine the right to surplus moneys; and as the party has sought this mode of relief it is not a good answer to say that he might have another mode.

We are referred to our decision in *McLean* v. *Stewart* (14 Hun, 477) in respect to the power of a Special Term to alter or change a decision made upon a trial at a former term. But that case does not question the power of this court to set aside an unauthorized judgment, when the party affected thereby has not been heard or brought before the court for the purpose of considering the questions involved in the judgment. (See Code of Civil Procedure, § 1207.) We are referred to *Stevens* v. *Veriane* (2 Lans., 90), and

we have examined it and do not find anything there which aids the respondents here. In that case the defendants and plaintiff had been heard before a referee in a mortgage foreclosure case, and the referee exercised a judicial discretion in awarding costs, and it was very properly held that the court at Special Term could not review, revise or disturb the award of costs made upon and as a part of the trial of the issues. The parties had all been heard, and the discretion of the referee was the law of the case until reversed on appeal. It was binding upon the parties who sought to disturb it at Special Term, and it was very correctly held by the General Term of the fifth district that the Special Term was right in refusing to overhaul the decision made by the referee.

In the case in hand the decision of the referee upon the question of costs, so far as the plaintiff is interested therein, and so far as Fox and wife are interested therein, and so far as Ivers is interested therein, or either of them as between themselves, is binding and conclusive until reversed upon appeal, but it is not binding upon the defendant Kannady. The defense set up by Ivers related to a controversy between him and Fox and wife, and not to the claim made by the plaintiff. His success before the referee as against Mrs. Fox, must have been the predicate for the award of sixty-five dollars, the costs to Ivers. As against her, the award presumably is right and must be allowed to stand until questioned by her; but as against Kannady and the judgment represented by him, the determination upon the merits, as well as regards the costs, must be held ineffectual. If an application had been made to the court by the plaintiff or by Ivers and Fox, and a judgment been given thereon as against Kannady and the other defaulted defendants, it might have presented another question. But in the absence of any direction by the court, we ought to hold the determination and award of costs inconclusive as to Kannady. We conclude for the reasons already stated, viz. :

*First.* The order of the Special Term must be reversed, with ten dollars costs and disbursements, to be paid by Ivers and Mrs. Fox.

*Second.* The motion made at Special Term should have been granted, setting aside so much of the judgment as to Kannady, and the judgments represented by him, as exceeds the usual and ordinary judgment in foreclosure cases.

*Third.* The decision of the referee as to the surplus arising upon

the sale of the premises (after paying the mortgage debt and costs), must be held inoperative as between the plaintiff and Kannady, and the judgment represented by him, and also inoperative between Ivers, Fox and wife, and Kannady, and the judgments represented by him, so far as it assumes to affect or prejudice the rights of Kannady (as judgment-creditor or as assignee of judgments) in the surplus moneys.

*Fourth.* It must be declared that as to Kannady it was required by statute that the surplus arising from the sale be paid into court to await the order of the court.

*Fifth.* That as to Kannady and the judgments represented by him, the direction to pay sixty-five dollars costs out of the surplus, and the judgment of Ivers out of the surplus, and the balance thereof to Mrs. Fox, was inoperative and unauthorized.

*Sixth.* The motion, to the extent just stated, should be granted with ten dollars costs against Ivers, Fox and Mrs. Fox.

*Seventh.* Leave should also be granted to Kannady, Ivers, Mrs. Fox and other defendants to file within twenty days any claim he or they may have to such surplus moneys with the clerk of Jefferson county.

*Eighth.* And Kannady or the other defendants may also, after such claim shall be filed, apply for the appointment of a referee to determine all claims to said surplus moneys, upon notice to the plaintiff, the defendant Ivers, the defendant Fox and his wife, and all other persons interested therein.

And for an order directing the defendant Ivers to pay into court the whole of the moneys received by him out of such surplus, and for an order directing Mrs. Fox to pay into court, by depositing with the county treasurer of Jefferson, the moneys received by her out of such surplus moneys, to await the final award to be made by the court, after the determination of all claims to the surplus moneys arising upon such sale. (Code of Civil Procedure, § 1292 and § 1323.)

It will be further provided in the order to be entered that the sale stand as valid.

We conclude to reverse the order appealed from, with ten dollars costs and disbursements, and to direct an order to accord in substance with the views already expressed. The terms of the order

to be settled upon five days' notice before Justice Hardin, and after being so settled the same shall be entered in Jefferson county clerk's office.

Talcott, P. J., and Rumsey, J., concurred.

Order appealed from reversed, with ten dollars costs and disbursements, to be paid by Ivers and Fox and wife, and motion granted with ten dollars costs, as indicated in the opinion of Hardin, J. The order to be settled before Hardin, J., on five days' notice.