ELIZABETH J. HAINES, RESPONDENT, *v.* CHRISTOPHER MEYER AND WILLIAM H. BREEDEN, APPELLANTS, IMPLEADED, ETC.

*Bond of foreign executor — when an action will lie against his sureties, although the statutory prerequisites have not been complied with.*

The defendants became sureties upon a bond given in the form prescribed by statute (3 R. S. [6th ed.], 73, § 7) by one Edward Fox, a resident of the State of Pennsylvania, upon the issue to him of letters testamentary upon the estate of one Richard Fox, who had died in the city of New York, by the surrogate of that county. After his appointment the executor received and converted to his own use certain property of the estate, and thereafter died in the State of Pennsylvania wholly insolvent. Letters of administration with the will annexed having been thereafter issued by the surrogate of New York to the plaintiff, she, as such administratrix and as a legatee, brought this action against the sureties to recover the amount misappropriated by their principal.

*Held,* that although the statutory prerequisites to an action upon the bond could not in this case be complied with, yet as the statute contained no provision, either in terms or by fair implication, restricting the rights of the parties entitled to indemnity to the proceedings prescribed by it, the plaintiff was entitled to maintain this action in equity, as otherwise she would be remediless.

APPEAL from an order overruling demurrers interposed to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action.

*J. Sandford Potter* and *William A. Boyd,* for the appellants.

*Albert Smith,* for the respondent.

DANIELS, J.:

It appears by the complaint that on or about the 29th day of September, 1861, Richard Fox died at the city of New York, leav-

ing a will, by which Edward Fox and another person, both residents of the State of Pennsylvania, were named as the executors of his estate. In May, 1864, letters testamentary upon the estate were issued by the surrogate of the county of New York to Edward Fox, the other person nominated as executor having declined to qualify.

On receiving such letters the executor, in compliance with the requirement of the surrogate, gave a bond in the form prescribed by the statute, in which the two appealing defendants became his sureties. After his appointment and the execution and delivery of this bond, the executor received property belonging to the estate, from which he is stated to have realized not less than the sum of $10,000. This property he converted to his own use, and never distributed any portion of it as the executor of the estate. After this misappropriation of the estate, and in the month of January, 1877, the executor died, in the State of Pennsylvania, wholly insolvent. In March, 1878, the plaintiff received letters upon the estate, left unadministered by the executor with the will annexed, from the surrogate of the county of New York. And upon that authority, as well as her right to participate in the distribution of the estate as a legatee, this action has been brought by her against the sureties on the executor's bond.

This bond was required to be in like form as that prescribed for administrators in cases of intestacy (3 R. S. [6th ed.], 73, § 7), and the bond was in fact given in that form. It was, as the law required it to be, conditioned that the executor should faithfully execute the trust reposed in him as executor of all and singular the goods, chattels and credits of Richard Fox. Under the terms of this condition he became obligated to preserve and protect the property of the estate, to apply it to the payment of the testator's debts, and to distribute the residue according to the terms of the will. By the conversion of the property and its appropriation to his own use, this duty he wholly failed to discharge, and the consequence was that his bond became forfeited, and his sureties, according to its terms, were rendered liable for the consequences of his misconduct. A clear right of action had accrued in the case, and the plaintiff, under the letters issued to her, has been vested with the authority of enforcing it.

But under the statutes relating to the conduct of executors and

administrators, and the distribution of the estates of deceased persons, the liability of these sureties cannot be enforced by any proceeding which has in terms been provided, for no settlement of the estate can be obtained before the surrogate, and no such decree made by him, as in the language of the statute, would form the basis of an action on this bond. For that purpose it is rendered either essential that the executor shall refuse or omit to perform a decree made by the surrogate against him, or that a decree of the surrogate shall be filed and docketed, and an execution to collect its amount be returned unsatisfied. (3 R. S. [6th ed.], 125, § 19; 329, § 19.)

The case is in such a form as not to be within this power or jurisdiction of the surrogate over it, and by following the proceedings provided for by the statute the liability of the sureties upon this bond for the default of their principal cannot be enforced. The case presents a clear liability within the terms of the bond, without any proceeding prescribed by the statute through which it may be enforced. The statute, however, contains no provisions either in terms or by fair implication restricting the rights of parties entitled to indemnity, under such a bond, to the proceedings which it is provided may be instituted. No restraint has been imposed in any form preventing the parties entitled to that redress from obtaining it in any manner conformable to the established principles of courts of law or equity. And under these principles, where a right is found to exist which cannot otherwise be enforced against the parties liable, resort for that purpose may be made to a court of equity. (*Hudson* v. *Reeve*, 1 Barb., 89, 92; *Brown* v. *Brown*, 1 Barb. Ch., 189, 217.) In this case it was stated by the chancellor that the court "proceeds upon the principle that wherever there is a right there ought to be a remedy either in this or some other tribunal; and where no remedy exists elsewhere to enforce the right this court will furnish such remedy, whenever it is necessary to prevent a total failure of justice where the property in controversy or the person of the wrong doer is within the jurisdiction and control of the court." A similar principle was acted upon in *Watson* v. *Sutherland* (5 Wall., 74), where it was said that the absence of a plain and adequate remedy at law affords the only test of equity jurisdiction. (Id., 79.) The authority of this prin-

ciple was in no manner shaken by the determination of the court of errors in *Durant* v. *Supervisors of Albany County* (26 Wend., 66), for the chancellor's decree was reversed solely for the reason that the statute prescribing the cases in which a creditor's suit may be maintained did not by any fair construction authorize the action prosecuted in that case. A point in its nature very much like that upon which this action is dependent was presented and considered in the case of *Carow* v. *Mowatt* (2 Edw. Ch., 57). And after a very full examination of the authorities it was held that such an action as the present one upon the bond could be maintained in equity. This case rests upon statutory provisions very similar in their nature to those now applicable to the present controversy, and it was held, because of their deficiency in not providing for the enforcement of the liability of the sureties upon the bond, under circumstances similar to those now presented, that an action to enforce it could properly be prosecuted in a court of equity. A like point was before the court in *Towner* v. *Tooley* (38 Barb., 598), where it was conceded substantially that such an action might be maintained, but it was defeated in that instance because of a defect of parties. And the doctrine of the case of *Bate* v. *Graham* (1 Kern., 237), tends to confirm the same conclusion.

A point somewhat similar to the present one was examined in the case of *Williams* v. *Kiernan*,\* not yet reported, where a like conclusion has been reached. And for the reasons there as well as now stated, there seems to be no substantial ground for doubting the right of the plaintiff to maintain this action upon the bond. The judgment or order from which the appeals have been taken should be affirmed, but allowing the defendants to answer upon the usual terms.

DAVIS, P. J., and BRADY, J., concurred.

Judgment affirmed, with leave to defendants to answer on the usual terms.

---

\* See *ante,* page 355.